## Commonwealth *v*. King, Appellant.

Submitted June 9, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John Myers* and *John W. Packel*, Assistant Defenders, and *Benjamin Lerner*, Defender, for appellant.

*William A. Richardson, Mark Sendrow,* and *Steven H. Goldblatt*, Assistant District Attorneys, *Abraham J. Gafni*, Deputy District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P.J., February 2, 1976:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Trial Division, of Philadelphia County, by the appellant-defendant, Lorenzo King, after conviction by a jury of conspiracy, burglary and theft by receiving stolen goods. Post-trial motions were denied and the appellant was sentenced to one and

a half to five years imprisonment on the charge of burglary and two years probation on the charge of conspiracy. A demurrer had been sustained to the charge of attempted theft.

The evidence established that the appellant drove the getaway car after the co-defendant had entered the victim's home and stolen the goods. The victim identified the defendant and the co-defendant testified that he had not seen the defendant until after he completed the theft.

The court below charged the jury that they could find the appellant guilty of either receiving stolen goods or burglary but not both. The jury found the defendant guilty of both. The court below sentenced only on burglary. Appellant now contends that he is entitled to a new trial on the ground that the judge should not have accepted the verdict because it was inconsistent and that it showed the jury to be hopelessly confused.

Both the Commonwealth and the appellant cited *United States v. DiMatteo*, 169 F.2d 798 (3d Cir. 1948), and *United States v. Kahan*, 479 F.2d 290 (2d Cir. 1973), as supporting their respective positions.

In *United States v. DiMatteo*, supra, a jury found the defendant guilty of forgery but not guilty of theft of a savings bond and "recommended clemency". The trial court in speaking to the jury after the verdict said that in its opinion the verdict was "laughable" and that the jury had erred in its function. The court, nevertheless, allowed the verdict to be recorded and sentenced on the forgery count. The Circuit Court reversed on the ground that the jury was hopelessly confused and had not carried out the instructions as clearly shown by the trial judge's remarks.

In *United States v. Kahan*, supra, the Circuit Court allowed a conviction to stand where a jury found the defendant guilty on several stricken counts on a sixty-seven count verdict. The defendant argued that the jury was confused but the court pointed out that the jury

had found the defendant not guilty on specific counts in the indictment and even the defendant's counsel admitted that the guilty verdict on the stricken counts was merely an oversight.

The Commonwealth argued that the jury had the right to disregard the judge's instructions and cites *United States ex rel. Matthews v. Johnson,* 503 F.2d 339 (3d Cir. 1974), as authority for its position that so long as the appellant was only sentenced on the one charge, the verdict should be permitted to stand. See also *Commonwealth v. Simmons,* 233 Pa. Superior Ct. 547, 336 A.2d 624 (1975).

The Commonwealth also cites *Commonwealth v. Phillips,* 215 Pa. Superior Ct. 5, 257 A.2d 81 (1969) as authority for its position. In this case the jury found the defendant guilty of larceny and receiving stolen goods. These charges carried equal penalties so that this Court could remedy the situation by vacating one of the sentences. These are not the facts in the instant case. The offenses of burglary and receiving stolen goods do not carry equal sentences.

All cases cited by the Commonwealth to support the proposition that juries may ignore their instructions deal with juries who found the defendant guilty of an included crime not charged. It has long been recognized that juries have the right to so find. We hold, therefore, that juries may not convict defendants of mutually exclusive crimes where they have specifically been charged by the court that this is improper.

The appellant also argues that evidence of a prior incarceration was improperly presented to the jury. In view of our holding above, we need not discuss it.

Judgment of sentence reversed and the case is remanded for a new trial.

JACOBS and PRICE, JJ., concur in the result.