398 A.2d 704

**COMMONWEALTH of Pennsylvania**

v.

**John Paul FANT, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided Feb. 28, 1979.

Louis R. Dadowski, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before PRICE, HESTER and LIPEZ, JJ.

LIPEZ, Judge:

Following a jury trial on October 18, 1977, appellant was convicted of robbery[1] and criminal conspiracy.[2] Post trial motions were denied and appellant was sentenced to ten to twenty years imprisonment for robbery. Sentence was suspended on the conspiracy count. In this appeal appellant contends that his trial counsel was ineffective for two reasons. First, that counsel was ineffective for failing to demur to the robbery charge allegedly because the Commonwealth failed to present sufficient evidence to sustain a conviction on this count. Second, he contends that counsel was ineffective for failing to demur to the conspiracy charge when counsel knew, prior to appellant's trial, that appellant's only alleged co-conspirator had been acquitted of conspiracy. We find no merit in appellant's first argument and therefore affirm his robbery conviction. We agree that appellant's counsel was ineffective for failing to demur to the conspiracy charge and, therefore, reverse the judgment of sentence on this count.

In determining whether appellant was denied effective assistance of counsel, we must make an independent review of the record.

[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis. [Footnote omitted.]

1. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, as amended June 24, 1976, 18 Pa.C.S. § 3701 (Supp.1978). Appellant was convicted of robbery on a theory of accomplice liability. *See* Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 306.

2. 18 Pa.C.S. § 903.

*Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–05, 235 A.2d 349, 352–53 (1967). In applying this standard, we must first determine whether the claim which the attorney did not raise had some reasonable basis. Only if the claim which was foregone was arguably of merit must we inquire into counsel's reasons for not pursuing it. *Commonwealth v. Hubbard*, 472 Pa. 259, 277–78, 372 A.2d 687, 695–96 (1977).

We shall first consider appellant's contention that the evidence presented by the Commonwealth was insufficient to prove that appellant was an accomplice to robbery. The test for determining sufficiency of the evidence is whether, accepting as true all evidence and reasonable inferences deducible from such evidence upon which the trier of fact could have based a verdict, the evidence and inferences are sufficient in law to prove every element of the crime charged beyond a reasonable doubt. Furthermore, we must review the evidence in the light most favorable to the Commonwealth. *Commonwealth v. Williams*, 468 Pa. 357, 365, 362 A.2d 244, 248 (1976).

To prove appellant guilty as charged the Commonwealth had to show the following:—(1) That a robbery occurred involving infliction or threatened infliction of serious bodily injury upon the victim, 18 Pa.C.S. § 3701(a)(1)(i and ii) (as amended 1976); and (2) that defendant, with the intent of promoting or facilitating the commission of that robbery, solicited another person to commit it, or aided or agreed, or attempted to aid another person in the planning or commission of that offense, 18 Pa.C.S. § 306. Upon consideration of the record, we conclude that the Commonwealth clearly met its burden of proof in this case.

At trial, the police officer who interrogated appellant testified that appellant told him that on January 18, 1977, appellant and one Gary Nelson, while at a bar, decided to rob Jessie Cash, a friend of appellant.[4] Other testimony at trial revealed that, later that same day appellant and Nelson

4. The admissibility of appellant's statements to the police is not at issue.

had gone to Cash's residence. They were admitted by one of Cash's tenants. Appellant then asked to speak to Cash, but was informed by the tenant that Cash was upstairs asleep. Appellant and Nelson refused to leave without first speaking to Cash, so the latter was summoned. When he came downstairs, Nelson demanded money from him while appellant stood by silently, rocking back and forth. Cash refused Nelson's demand for money whereupon Nelson drew a gun and opened fire on Cash. Cash fled upstairs but was shot once. Nelson then fired a shot at another of Cash's tenants after which appellant and Nelson fled the scene.

Appellant took the stand at trial. He admitted being with Nelson on the day of the robbery, but denied admitting to the police that he and Nelson had agreed to rob Cash.

The credibility of witnesses is for the finder of fact to determine; the jury is free to believe all, part, or none of the evidence. *Commonwealth v. Duncan*, 473 Pa. 62, 68, 373 A.2d 1051, 1053 (1977). It is the responsibility of the fact-finder to reconcile conflicts in the evidence; this is particularly appropriate where conflicts arise from statements made by the accused. *Duncan*, supra, 473 Pa. at 68, 373 A.2d at 1054. Here the jury obviously chose to believe the police officer's testimony as to appellant's pre-trial confession rather than appellant's testimony at trial.

It is obvious that the evidence adduced at trial, which showed presence, flight, and appellant's confession was sufficient to convict defendant of robbery on a theory of accomplice liability.[5] Appellant's counsel was, therefore, not ineffective for failing to demur to the robbery charge because such a motion would have been futile.

Appellant next contends that his trial counsel was ineffective for failing to demur to appellant's conspiracy charge. Appellant's co-conspirator had been acquitted of conspiracy three months prior to appellant's trial and yet failed to demur to appellant's conspiracy charge.

---

**5.** One who participates in a crime is legally responsible not only for his personal acts, but also for the acts of others committed in furtherance of the crime. *Commonwealth v. Bryant*, 461 Pa. 309, 336 A.2d 300 (1975).

■ Where there are only two named co-conspirators in the information or indictment, and one is acquitted, the other cannot be convicted. *Commonwealth v. Campbell*, 257 Pa.Super. 160, 390 A.2d 761, 762 (1978). We can perceive no reasonable legal basis for appellant's attorney's failure to demur to the conspiracy charge. Therefore appellant must be discharged as to that count.

The judgment of sentence on appellant's conviction of robbery is affirmed. The judgment of sentence on the conspiracy conviction is reversed and appellant is discharged as to that count.