407 A.2d 403

**COMMONWEALTH of Pennsylvania**

**v.**

**Randy Lee BLACK, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 14, 1977.

Decided July 6, 1979.

600

Robert E. Kerper, Jr., Assistant Public Defender, Reading, for appellant.

J. Michael Morrissey, District Attorney, Reading, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, President Judge:

The instant appeal arises from the judgment of sentence imposed on a verdict of guilty for theft following a jury trial. Appellant's principal contention is that the court erred in accepting what appellant characterizes as an illegal verdict.[1] Therefore, appellant claims he is entitled to a new trial. We disagree and will affirm the judgment of sentence.

---

1. Appellant also contends that an inculpatory statement he gave to the police was involuntary. However, on proper testimony provided by the police officer who interrogated appellant, the suppression court found that the statement was knowing, intelligent and voluntary. There is no basis for our finding to the contrary, so this allegation of error is clearly frivolous.

At trial appellant stood accused of two counts of theft by unlawful taking or disposition,[2] and one count of burglary,[3] all arising from the same criminal episode. Due to its misconstruction of a provision of the Crimes Code, the court instructed the jury that it could not return a verdict finding appellant guilty of all charges. Rather, the court stated, if the jury were convinced of appellant's guilt beyond a reasonable doubt on all counts, it must select one of the offenses to return the guilty verdict. Not surprisingly, this charge engendered some confusion. Thus, when the jury first returned a verdict of guilty on all charges the court would not accept it, and reiterated its earlier charge in relevant part. Once again, the jury returned a verdict of guilty of burglary and theft according to the verdict slip; but, in announcing the verdict, the foreman only stated the verdict of guilty for theft. A poll of the jury revealed that all twelve jurors agreed that appellant was guilty of theft, but only nine still agreed at that point on the burglary count. Undoubtedly frustrated, the trial judge stated at side bar that he would return the jury for further deliberations or, if appellant wished, "mold" the verdict to find appellant guilty of theft and not guilty of burglary. Appellant's counsel opted for the latter course and the verdict was so entered. Appellant now contends that his being put to this choice was improper and that the verdict as entered was illegal.

■ The decision in the instant case is controlled by The Crimes Code, 18 Pa.C.S. § 3502(d), the statute the trial court misconstrued, which provides:

> "*Multiple Convictions.*—A person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree."

Although not referring to this section, appellant assumes that a verdict returned by a jury finding appellant guilty of

2. Crimes Code, 18 Pa.C.S. § 3921 (1973).

3. Crimes Code, 18 Pa.C.S. § 3502 (1973).

both burglary and theft by unlawful taking is illegal and "unauthorized." Actually, such a verdict is logically and legally proper, generally speaking. See, e. g., *Commonwealth ex rel. Moszczynski v. Ashe*, 343 Pa. 102, 21 A.2d 920 (1941). What the Crimes Code prohibits is *convicting* appellant of both burglary and theft by unlawful taking.[4]

Of the distinction between a verdict and a conviction our Supreme Court long ago said: "When the law speaks of a '*conviction*,' it means a *judgment*, and not merely a *verdict*, which in common parlance is called a 'conviction.'" *Smith v. Commonwealth*, 14 Serg. & R. 69, 70 (1826). In the instant case, the trial court should have accepted the jury's initial verdict, "convicted" appellant of burglary, and sentenced him thereon. In situations where the trial court has wrongfully convicted appellant of burglary and the offense which it was his intent to commit after the burglarious entry, and sentenced him on both, we have not talked of verdicts "unauthorized by the law" and awarded appellants new trials. Instead, we have merely vacated the lesser of the two sentences. See, e. g., *Commonwealth v. Price*, 258 Pa.Super. 625, 391 A.2d 696 (1978); *Commonwealth v. Wilks*, 250 Pa.Super. 182, 378 A.2d 887 (1977); *Commonwealth v. Simmons*, 233 Pa.Super. 547, 336 A.2d 624 (1975). When the trial judge refused to accept the jury's initial verdict and subsequently gave appellant the option of accepting simply the verdict of guilty of theft by unlawful taking, he gave appellant undeserved leniency. Obviously, burglary is the more serious offense.

Finally, appellant's reliance on *Commonwealth v. King*, 238 Pa.Super. 190, 357 A.2d 556 (1976) is misplaced. *King* held that verdicts of guilty for burglary and receiving stolen goods were inconsistent. However, burglary and theft by receiving are inconsistent for the same reason that theft by receiving and theft by unlawful taking are inconsistent—the thief and the receiver must be two different persons, at least insofar as those offenses have been defined in Pennsylvania. See *Commonwealth v. Simmons*, 233 Pa.

---

4. Theft offenses are not felonies of the first or second degree. Crimes Code, 18 Pa.C.S. § 3903 (1973).

Super. 560, 336 A.2d 624. On the other hand, under the Crimes Code, a person may be both a burglar and a thief; the Crimes Code merely prohibits his being punished as both. Since appellant has not been doubly punished, he is entitled to neither a new sentence nor a new trial.

For the foregoing reasons the judgment of sentence is affirmed.

PRICE, J., files a dissenting opinion.

JACOBS, former President Judge, did not participate in the consideration or decision in this case.

PRICE, Judge, dissenting:

I dissent from the majority for the reason that the court below erred in "molding" the verdict to find appellant guilty of the theft offense.

Under 18 Pa.C.S. § 3502(d) "[a] person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry . . . ." Instantly, appellant was charged with burglary and with the offense which he intended to, and did, commit after he had effected his entry, to-wit, theft. It was, therefore, improper for the jury to find appellant guilty of both offenses.

In *Commonwealth v. King*, 238 Pa.Super. 190, 357 A.2d 556 (1976), we reversed a conviction when the jury returned with a verdict finding the defendant guilty of burglary and theft by receiving stolen property. Both offenses arose out of the same criminal episode. The court accepted the verdict but resolved the inconsistency by ignoring the theft conviction and sentencing the defendant on the burglary charge. This court reversed, holding that the lower court erred in permitting the jury to return a verdict contrary to its instructions.

Reviewing *King*, I would find that case dispositive of the instant proceeding. Although the majority in the last paragraph of its opinion attempts to distinguish *King* based upon the difference in the offenses charged, I submit that the attempted distinction is unsupported in either reason or the law. Initially, the jury returned with a verdict slip indicat-

ing guilt as to both offenses. The jury was instructed that it was required to choose one of the two offenses and returned for further deliberations. The jury again returned with a verdict slip indicating guilt on both offenses. In announcing the verdict, the foreman merely stated that the jury found appellant guilty of theft; no mention was made of the burglary charge. Further confusion was engendered when a poll of the jury revealed that all of the jurors found appellant guilty of the theft offense, but that only nine of the twelve jurors also believed him to be guilty of the burglary charge. In that situation, the court should have returned the jurors for further deliberations. *See Commonwealth v. Komatowski*, 347 Pa. 445, 32 A.2d 905 (1943). To adopt the majority's conclusion that the court should have accepted the original verdict and sentenced appellant on the greater offense (burglary) would be to countenance a judgment and sentence based upon a verdict that was impeached by the jury poll. Such a result is clearly improper. *See Commonwealth v. Jackson*, 457 Pa. 237, 324 A.2d 350 (1974).

While the majority is correct that we have on occasion vacated the lesser sentence when a court sentenced a defendant on a burglary charge and on the offense which it was his intent to commit, such is not the situation in the instant case. The inconsistencies in the verdict slip, the oral pronouncements of the jury foreman, and the poll of the jury members clearly illustrate that the instant proceeding is not one in which the error could be corrected by simply ignoring the jury's pronouncement as to one of the offenses. I would hold that the action of the court was more akin to a judicial "molding" of the verdict in accord with what the court perceived to be the intent of the jury members.

While courts in criminal matters may "mold" verdicts in certain limited situations, the present case does not fit within any of the established situations. *See* Laub, Pennsylvania Trial Guide, § 244 (1959). If, as in this case, "the error is substantive, the court must send the jury back with additional instructions for further deliberation." *Commonwealth v. Dzvonick*, 450 Pa. 98, 102–03 n. 4, 297 A.2d 912, 914

n. 4 (1972); *see Commonwealth v. Craig*, 471 Pa. 310, 370 A.2d 317 (1977); *Commonwealth v. Komatowski, supra*. The action of the court in putting appellant to the choice of accepting an improperly molded verdict or resubmitting the issue to the jury was improper. As such, I would reverse the judgment and remand for a new trial.