410 A.2d 857

**COMMONWEALTH of Pennsylvania**

v.

**Raymond J. MILLER, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Filed Sept. 21, 1979.

James P. Gregor, Public Defender, Stroudsburg, for appellant.

Ralph A. Matergia, Assistant District Attorney, Stroudsburg, for Commonwealth, appellee.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

LIPEZ, Judge:

Appellant was arrested by a police stakeout team, in the act of removing a snowmobile from the shed in which its owner had stored it. He was found .guilty, by a jury, of burglary,[1] criminal attempt,[2] criminal trespass [3] and theft by unlawful taking.[4] The court below denied appellant's motions in arrest of judgment and for a new trial, and this appeal has been taken.

1. 18 Pa.C.S. § 3502(a).

2. 18 Pa.C.S. § 901(a).

3. 18 Pa.C.S. § 3503(a).

4. 18 Pa.C.S. § 3921(a).

■ Appellant's claim that the trial court's charge was insufficiently specific concerning section 3502(d) of the Crimes Code [5] has been waived by counsel's failure to make specific objection to the charge given by the trial court before the jury retired as required by Pa.R.Crim.P. 1119(b). *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974). The trial court erred in accepting the jury's verdict on all four of the above charges, however, and we must vacate the judgment of sentence and remand the case for resentencing.

■ Appellant asserts that the jury's verdict was "contrary to the law." Conviction of an attempt to commit a certain crime and of the completed crime is improper, inasmuch as the lesser offense is a necessary ingredient of the greater offense and hence merges into it. *Commonwealth v. Nelson*, 452 Pa. 275, 305 A.2d 369 (1973).

■ Since the evidence clearly shows all of the elements of burglary [6], the conviction for criminal attempt was improper.

■ Criminal trespass, however, is not a lesser offense included within the crime of burglary. *Commonwealth v. Carter*, 482 Pa. 274, 393 A.2d 660 (1978). Appellant's conviction on this charge must therefore stand.

■ As to the theft count, § 3502(d), supra, forbids appellant's conviction of burglary "and for the offense which it was his intent to commit after the burglarious entry," here theft. "When the law speaks of a 'conviction,' it means a judgment, and not merely a verdict, which in common parlance is called a 'conviction.'" *Smith v. Commonwealth*, 14 Serg. & R. (Pa.) 69, 70 (1826), quoted in *Commonwealth v. Black*, 267 Pa.Super. 598, 407 A.2d 403 (1979). The trial court erred in ordering the jury's verdict recorded

**5.** Section 3502(d) provides:
   A person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree.

**6.** The evidence showed that appellant broke the lock on the door of the shed in which the snowmobiles were stored and entered with the intent to steal one or more of them. *See* 18 Pa.C.S. § 3502(a).

exactly as rendered. The remedy is vacation of the judgment of sentence on the illegal convictions. *See Commonwealth v. Price,* 258 Pa.Super. 625, 391 A.2d 696 (1978); *Commonwealth v. Wilks,* 250 Pa.Super. 182, 378 A.2d 887 (1977); *Commonwealth v. Simmons,* 233 Pa.Super. 547, 336 A.2d 624 (1975). Where it is clear that the illegal conviction had no effect on the actual sentence, we have not remanded for resentencing. *See Commonwealth v. Senyszyn,* 266 Pa. Super. 480, 405 A.2d 535 (1979); *Commonwealth v. Fant,* 263 Pa.Super. 533, 398 A.2d 704 (1979); *Commonwealth v. Grant,* 235 Pa.Super. 357, 340 A.2d 509 (1975). *See also McGee v. United States,* 462 F.2d 243, 246 n. 5 and accompanying text (2d Cir. 1972). We must remand the instant case, however, because all of the charges were made on the same information, and because the court below, during the sentencing hearing, gave no indication whatever of the allocation of the prison sentence among the four charges. The extent to which the illegal convictions influenced the sentence is thus not clear. We therefore vacate the judgment of sentence and remand the cause, with instructions to the court below to resentence upon the verdict of guilty of burglary and criminal trespass only. *See Commonwealth v. Lockhart,* 223 Pa.Super. 60, 296 A.2d 883 (1972).

Judgment of sentence vacated and cause remanded.

WIEAND, J., files a concurring opinion.

WIEAND, Judge, concurring:

The Court this day holds, in an able opinion by Judge Lipez, that the same entry can support convictions for both burglary[1] and criminal trespass.[2] In achieving this result, reliance has been placed upon the decision of the Supreme Court in *Commonwealth v. Carter,* 482 Pa. 274, 393 A.2d 660 (1978). The Court there held that criminal trespass was not a lesser included offense of burglary because "the crime of criminal trespass has a scienter requirement not necessary to

1. 18 Pa.C.S. § 3502(a).

2. 18 Pa.C.S. § 3503(a).

prove the crime of burglary." 482 Pa. at 277, 393 A.2d at 661. I must agree with this Court that the holding of *Carter*, when applied to the facts of this case, would seem to authorize convictions for both burglary and criminal trespass even though there was only one entry.

This, in my judgment, is not only unfortunate but contrary to the intent of the Model Penal Code [3] upon which the Pennsylvania Crimes Code was based. Therefore, I have written this brief concurring opinion in an effort to call the legislature's attention to the problem and urge an appropriate amendment to the Crimes Code. The better way to resolve the problem, I submit, is to make criminal trespass a lesser included offense of burglary. This can be achieved by defining criminal trespass to include all elements of burglary except the intent to commit a crime inside a building or occupied structure. See: *Commonwealth v. Carter*, 482 Pa. 274, 288, 393 A.2d 660, 668 (1978) (Pomeroy, J., dissenting). In the alternative, the legislature might add a provision to

**3.** Section 1.07(1) and (4) of the Model Penal Code, although not incorporated into the Pennsylvania Crimes Code, contains significant features as follows: "(1) Prosecution for Multiple Offenses; Limitation on Convictions. When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if: (a) one offense is included in the other, as defined in Subsection (4) of this Section; or (b) one offense consists only of a conspiracy or other form of preparation to commit the other; or (c) inconsistent findings of fact are required to establish the commission of the offense; or (d) the offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or (e) the offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses . . . (4) Conviction of Included Offense Permitted. A defendant may be convicted of an offense included in an offense charged in the indictment (or the information). An offense is so included when: (a) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or (b) it consists of an attempt or solicitation to commit the offense charged or to commit an offense otherwise included therein; or (c) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission."

594

■■■■■■■■■

the Crimes Code which forbids double convictions for burglary and criminal trespass where there has been only one entry of a building or occupied structure.