443 A.2d 301

**COMMONWEALTH of Pennsylvania**

v.

**Victor GONZALES, Appellant.**

Superior Court of Pennsylvania.

Argued June 24, 1981.

Filed March 5, 1982.

* Because of our disposition of this matter, we need not address appellant's remaining contentions.

68

Fincourt B. Shelton, Philadelphia, for appellant.

Mark Gurevitz, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

 

Before HESTER, CAVANAUGH and DiSALLE, JJ.

CAVANAUGH, Judge:

Appellant, having waived his right to a jury trial, was tried before the Honorable Marvin Halbert of Philadelphia County and found guilty of burglary, attempted theft, possession of instruments of crime, generally, and criminal conspiracy. The lower court denied post-trial motions and sentenced appellant to not less than two months to twenty-three months of partial (weekend) confinement for burglary and attempted theft and three years concurrent probation on the other convictions.

The question raised on appeal is whether the evidence was sufficient to support appellant's conviction for burglary. 18 Pa.C.S.A. § 3502. We conclude that the evidence was sufficient to support his conviction of burglary and affirm the judgment of sentence.

When appellant challenges the sufficiency of the evidence supporting his conviction, we must accept as true all the evidence upon which the finder of fact could properly have reached its verdict and give the Commonwealth the benefit of all reasonable inferences arising from that evidence. *Commonwealth v. Madison*, 263 Pa.Super. 206, 210, 397 A.2d 818, 820 (1979). So considered, the facts in this case are as follows. On December 11, 1978, at or about 4:45 p. m., Police Officer Richard Wajda of the Philadelphia Police Department, observed two males exit and run from a property located at 2439 N. Second Street in Philadelphia, Pennsylvania. Officer Wajda chased the two individuals and finally apprehended one of them, the appellant herein, Victor Gonzales. After searching the appellant, the officer found a twelve inch pry bar on his person. The 2439 N. Second Street property was a garage, which apparently had been used for repair work.

At the time of the incident, the premises, owned by Patricia Corey, was leased to Elmer Causey, and managed by the owner's agent, Freda Koenig, who testified at trial. Ms. Koenig stated on the record that she had the doors

repaired and new locks installed after these same premises had been broken into by four individuals including the appellant, just five days prior to the date of the incident which gave rise to the present charges.

■ Further Ms. Koenig testified that on December 11, 1978 she observed that one of the recently repaired doors had been broken into thus allowing access to the garage. Also, she observed that various items in the garage had been thrown around and the premises appeared to have been ransacked.[1]

Appellant challenges the sufficiency of the evidence to convict him of burglary because he claims that the Commonwealth failed to prove that the appellant was not privileged or licensed to be on the premises or that the garage was not open to the public. But we must disagree.

■ Under the Crimes Code of Pennsylvania, a person is guilty of burglary if he enters a building or occupied structure with the intent to commit a crime therein, unless the premises are at the time open to the public or the person who enters is licensed or privileged to do so. 18 Pa.C.S.A. § 3502(a). In order to prevail at trial, the Commonwealth must prove beyond a reasonable doubt the following three elements: (1) entry of a building or occupied structure by the defendant; (2) with the contemporaneous intent on the part of the defendant of committing a crime therein; (3) at a time when the premises are not opened to the public and the defendant was not then licensed or privileged to enter. *Commonwealth v. Tingle*, 275 Pa.Super. 489, 419 A.2d 6 (1980); *Commonwealth v. Brosko*, 243 Pa.Super. 312, 315, 365 A.2d 867, 868 (1976). At trial, evidence showed that appellant and his unknown companion entered the garage

1. Appellant argues that the garage was under the control of the lessee, Mr. Causey, and not the agent, Ms. Koenig, and is thus fatal to the Commonwealth's case. But we must disagree since Ms. Koenig was in total control of the premises at the time of the incident as she was the only person with a key to the newly installed locks. Therefore Ms. Koenig was the only person who could testify that appellant was not a licensee or privileged and the premises were not open to the public at the time.

without the permission or license of Freda Koenig (at that time in control of the premises) at a time when it was not open to the public. Our focus, then, is upon the issue of whether sufficient evidence was adduced at trial to prove beyond a reasonable doubt that appellant at the time of entry intended to commit a crime inside of the garage.

The Commonwealth may prove its case by circumstantial evidence, and the specific intent to commit a crime necessary to establish the second element of burglary may thus be found in the defendant's words or conduct, or from the attendant circumstances together with all reasonable inferences therefrom. *Commonwealth v. Madison, supra; Commonwealth v. Nutter*, 256 Pa.Super. 111, 389 A.2d 626 (1978).

While we have said that mere presence of a defendant at the scene is not sufficient to prove burglary, or conspiracy beyond a reasonable doubt. *Commonwealth v. Eddington*, 255 Pa.Super. 25, 386 A.2d 117 (1978); *Commonwealth v. Smith*, 264 Pa.Super. 303, 399 A.2d 788 (1979). We have also held that a factfinder may conclude beyond a reasonable doubt that when one enters a building by force, he did so with the intent to commit a crime therein. *Commonwealth v. Lynch*, 227 Pa.Super. 316, 319, 323 A.2d 808, 810 (1974).

Applying these familiar principles to the matter at hand and accepting the Commonwealth's evidence as true, we are bound to conclude that there was sufficient evidence presented to support the verdict of guilty rendered by the trial judge upon the charge of burglary, beyond a reasonable doubt. Ms. Koenig, the only person with access to the premises, did not give the appellant permission to enter into the garage nor did she open the garage to the public. The door through which appellant gained entry to the garage had been forced open. When discovered, appellant was fleeing from a ransacked premises with a pry bar in his possession within minutes of his flight from the scene of the incident. Indeed we believe that the circumstances in this case give rise to an exceedingly strong inference that appel-

lant committed the burglary. Accordingly, we hold that there is sufficient evidence to support appellant's conviction for burglary. *Commonwealth v. Von Aczel*, 295 Pa.Super. 242, 441 A.2d 750 (1982) (attempted entry into a commercial establishment after business hours creates inference of intent to commit theft); *Commonwealth v. Madison, supra.*

■ .Appellant's second contention is that the evidence was insufficient as a matter of law to sustain his conviction for possession of instruments of crime, generally, 18 Pa.C. S.A. § 907(a) and criminal conspiracy, 18 Pa.C.S.A. § 903. Our examination of the record indicate that these issues have been waived since appellant failed to include these arguments in post-trial motions in the court below.

■ Appellant's third contention is that the attempted theft count should have merged with the burglary conviction.[2] We agree with this argument and, accordingly, vacate appellant's conviction for . attempted theft. Crimes Code, 18 Pa.C.S. § 3502(a) (1973); *Commonwealth v. Miller*, 269 Pa.Super. 589, 410 A.2d 857 (1979). But where, as here, it is clear that the illegal. conviction had no effect on the actual sentence, we need not remand for resentencing. *See Commonwealth v. Senyszyn*, 266 Pa.Super. 480, 405 A.2d 535 (1979); *Commonwealth v. Fant*, 263 Pa.Super. 533, 398 A.2d 704 (1979); *Commonwealth v. Miller, supra; Commonwealth v. Grant*, 235 Pa.Super. 357, 341 A.2d 511 (1975).

■ Appellant's fourth contention is that the trial judge committed an error of law in convicting the appellant of both possessing instruments of crime, Crimes Code, 18 Pa. C.S. § 907(a) and criminal. conspiracy, 18 Pa.C.S. § 903, thereby violating 18 Pa.C.S. § 906, which provides:

"A person may not be convicted of more than one offense defined by this chapter for conduct designed to

---

**2.** In light of our disposition of the attempted burglary conviction, we need not consider this argument in reference to that conviction.

commit or to culminate in the commission of the same crime."

Both offenses for which appellant was found guilty fall within the purview of chapter 9, of the Crimes Code, the chapter mentioned in Section 906, and it is apparent in reviewing the facts that both offenses were perpetrated with one objective in mind. Accordingly, appellant's conviction for criminal conspiracy and possessing an instrument of crime was improper. *Commonwealth v. Jackson*, 280 Pa.Super. 522, 421 A.2d 845 (1980); *see also Commonwealth v. Tingle, supra.*

Given the error committed by the lower court, we have the option to either remand for sentencing, or amend the sentence, directly. *Commonwealth v. Eberts*, 492 Pa.Super. 140, 422 A.2d 1154 (1980); *Commonwealth v. Richbourg*, 260 Pa.Super. 438, 446 n.6, 394 A.2d 1007, 1011 n.6 (1978); act of July 9, 1976, P.L. 586, No. 142, § 2, June 27, 1978; 42 Pa.C.S.A. § 706 (Purdon's 1981). As recited earlier in this opinion, the appellant was sentenced concurrently to terms of three years probation for criminal conspiracy and for possession of an instrument of crime. Since the sentence for possession obviously did not affect the sentence for criminal conspiracy, we shall not remand but shall merely vacate the sentence imposed for possession of an instrument of crime as the lesser offense.[3] *Commonwealth v. Von Aczel, supra; Commonwealth v. Crocker*, 280 Pa.Super. 818, 421 A.2d 818 (1980).

Finally, appellant contends that trial counsel was ineffective[4] because he failed to renew his objection to

3. Criminal conspiracy is a felony of the second degree, 18 Pa.C.S.A. §§ 3502 and 905, and thus exposed the appellant to a possible term of imprisonment of up to 10 years, *id.* at § 1103(2). Possession of an instrument of crime is a misdemeanor of the first degree, *id.* at § 907, carrying a possible term of imprisonment of five years. *Id.* at § 1104(1).

4. In light of our disposition in this case, we need not consider appellant's other claims of ineffective assistance of counsel.

testimony of a prior incident and appellant's statement at the time of that incident, which he contends contributed significantly to his conviction.[5] Though appellant cites no authority for this argument, we recognize that "any error that deprives a defendant of due process can . . . properly be remedied by a claim of ineffective assistance of counsel." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). The test to determine whether counsel's representation comported with the constitutional mandate is whether the action or failure to act was designed to serve the best interest of the client. *Commonwealth v. Musi*, 486 Pa. 102, 404 A.2d 378 (1979) (citing many cases). Thus where the representation is deemed effective and the failure to raise the objection was designed to serve the interest of the client, it cannot be said that the client has been treated unfairly.

 Appellant contends that counsel's failure to renew his objection to testimony of defendant's prior act and his statement at the prior incident, deprived the appellant of a fair trial. It is of course axiomatic that evidence of prior crimes or acts is inadmissible against a defendant at this trial on another charge. E.g., *Commonwealth v. Roman*, 465 Pa. 515, 351 A.2d 214 (1976); *Commonwealth v. Groce*, 452 Pa. 15, 303 A.2d 917 (1973). The Commonwealth may not strip a defendant of the presumption of innocence by proving that he has committed other criminal acts. E.g., *Commonwealth v. Roman, supra; Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1972). There are, however, important exceptions to this rule where the prior criminal acts are so closely related to the crime charged that they show *inter alia* motive, intent, malice, identity, or a common scheme, plan or design. E.g., *Commonwealth v. Glover*, 446 Pa. 492, 286

---

**5.** " . . . [T]his court was convinced beyond a reasonable doubt that Gonzales was indeed involved in this burglary, and that his purpose of entering the premises was that of theft. *This was especially true in light of his statement to Ms. Koenig that the tenant owed him money.*" (Emphasis added). L.Ct. Op. p. 3.

A.2d 349 (1972); *Commonwealth v. Faison,* 437 Pa. 432, 264 A.2d 394 (1970); *Commonwealth v. Wable,* 382 Pa. 80, 114 A.2d 334 (1955).

 In the present case, the witness, Freda Koenig testified that these same premises had been broken into just five days prior to the present incident by the appellant and three companions. At that time, appellant stated that the lessee, Mr. Causey, owed him two weeks pay. We think this testimony was relevant and material in proving intent, motive and identity. *Commonwealth v. Glover, supra; Commonwealth v. Faison, supra; Commonwealth v. Wable, supra.* When confronted with a claim of ineffectiveness of counsel, we must utilize a two-step analysis. First, we must determine whether the issue underlying the charge of ineffectiveness is of arguable merit. If the underlying issue is found to be of adequate merit, our inquiry shifts to a determination of whether the course chosen by counsel had some reasonable basis designed to effectuate his client's interests. *Commonwealth v. Evans,* 489 Pa. 85, 413 A.2d 1025 (1980); *Commonwealth v. Sherard,* 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

 Applying the first part of this test, we conclude that Gonzales' claim of ineffectiveness of counsel is without merit. The testimony of the prior incident including appellant's statement were relevant and material to the charge he was presently being tried on and thus, trial counsel was not ineffective for failing to renew the motion to strike the testimony.

Judgments of sentence for burglary and criminal conspiracy are affirmed; judgments of sentence for attempted theft and possession of instrument of crime are vacated.

DiSALLE, J., did not participate in the consideration or decision in this case.