465 A.2d 1023

**COMMONWEALTH of Pennsylvania**

v.

**Joyce BYRON, a/k/a Byron Joyce, Appellant.**

Superior Court of Pennsylvania.

Submitted June 8, 1983.

Filed Sept. 2, 1983.

Petition for Allowance of Appeal Denied Feb. 7, 1984.

Mitchell A. Kaufman, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERONE, President Judge, and SPAETH and HESTER, JJ.

SPAETH, Judge:

This is an appeal from judgments of sentence for burglary and indecent assault. Appellant was convicted of forcibly entering the home of the victim, a 60 year old woman, and assaulting her. The trial court sentenced appellant to 1½ to 5 years imprisonment for burglary, and 2 years probation for assault, the sentences to be served consecutively. We agree with appellant's argument that he should not have been sentenced for both offenses. We therefore

vacate the judgment of sentence for indecent assault as the lesser of the two sentences. Appellant makes other arguments, but these lack merit. The judgment of sentence for burglary is therefore affirmed.

1

■ When before the trial court, appellant failed to question the legality of his sentence. This failure, however, did not result in his waiving the argument he now makes. *See, Commonwealth v. Paige,* 287 Pa.Super. 133, 142 n. 3, 429 A.2d 1135, 1140 n. 3 (1981) (objections to an illegal sentence not waived by failing to raise them in post-trial proceedings); *Commonwealth v. Everett,* 277 Pa.Super. 323, 419 A.2d 793 (1980) (same).

Section 3502(d) of the Crimes Code provides:

**(d) Multiple convictions.**—A person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree. 18 Pa.C.S.A. § 3502(d).

■ It was permissible for the trial judge, who tried appellant without a jury, to find appellant *guilty* of both burglary and indecent assault. However, since indecent assault is not a felony of the first or second degree but a misdemeanor, 18 Pa.C.S.A. § 3126, it was not permissible for the judge to *convict* appellant of both offenses, which is what the judge did by sentencing appellant for both burglary and indecent assault. In *Commonwealth v. Black,* 267 Pa.Super. 598, 407 A.2d 403 (1979), we said:

Of the distinction between a verdict and a conviction our Supreme Court long ago said: "When the law speaks of a *'conviction,'* it means a *judgment,* and not merely a *verdict,* which in common parlance is called a 'conviction.'" *Smith v. Commonwealth,* 14 Serg. & R. 69, 70 (1826).

In situations where the trial court has wrongfully convicted appellant of burglary and the offense which it was his intent to commit after the burglarious entry, and sentenced him on both, we have not talked of verdicts "unauthorized by the law" and awarded appellants new trials. Instead, we have merely vacated the lesser of the two sentences. See, e.g., *Commonwealth v. Price*, 258 Pa.Super. 625, 391 A.2d 696 (1978); *Commonwealth v. Wilks*, 250 Pa.Super. 182, 378 A.2d 887 (1977); *Commonwealth v. Simmons*, 233 Pa.Super. 547, 336 A.2d 624 (1975).

*Id.* 267 Pa.Super. at 602, 407 A.2d at 405. *See also, Commonwealth v. Miller*, 269 Pa.Super. 589, 410 A.2d 857 (1979).

## 2

■ Appellant argues that he should have been permitted to prove that he was too intoxicated to have the intent to commit burglary. This argument lacks merit. Section 308 of the Crimes Code provides:

Neither voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negative the element of intent of the offense, except that evidence of such intoxication or drugged condition of 'the defendant may be offered by the defendant whenever it is relevant to reduce murder from a higher degree to a lower degree of murder.

18 Pa.C.S.A. § 308.

Appellant challenges the constitutionality of 18 C.P.S.A. § 308, but we may not address this argument, for as appellant failed to make it when before the trial court, it is waived. P.R.App.Pro. 302(a); *Commonwealth v. Hawkins*, 295 Pa.Super. 429, 441 A.2d 1308 (1982); *Commonwealth v. Danko*, 281 Pa.Super. 97, 421 A.2d 1165 (1980).

The judgment of sentence for indecent assault is vacated. The judgment of sentence for burglary is affirmed.