**UNITED STATES of America, Plaintiff,**

v.

**Douglas G. HOUSLEY, Defendant.**

**No. CR–N–86–2–ECR.**

United States District Court,
D. Nevada.

Aug. 2, 1989.

L. Anthony White, Asst. U.S. Atty., Reno, Nev., for plaintiff.

Douglas G. Housley, Walla Walla, Wash., pro se.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., Chief Judge.

On July 3, 1986, defendant was convicted by a jury of six felony violations including, *inter alia*, conducting a continuing criminal enterprise ("CCE"), 21 U.S.C. § 848; manufacture of methamphetamine, 21 U.S.C. § 841(a)(1); and attempt to manufacture methamphetamine, 21 U.S.C. §§ 846 and 841(a)(1). The defendant was sentenced to three consecutive twenty-year prison terms for these offenses.

Presently before the Court are two remaining issues raised by defendant's Fed. R.Crim.P. 35(a) motion for correction of sentence. All other issues raised by this motion were previously ruled on in this Court's order of January 17, 1989 (document # 333). The issues currently before the Court are: (1) whether defendant's consecutive sentences on Count I, 21 U.S.C. § 848 (CCE), and Count III, 21 U.S.C. § 846 (attempt to manufacture methamphetamine) are allowable under those statutes and the Double Jeopardy Clause; and (2) whether Count III (attempt to manufacture methamphetamine) was a lesser included offense of Count IV (manufacture of methamphetamine) such that his conviction on both counts constitutes double jeopardy.

## I. ARE CUMULATIVE SENTENCES FOR § 846 ATTEMPT AND CCE PROPER?

It is well settled that the Double Jeopardy Clause of the Fifth Amendment

"precludes federal courts from imposing cumulative sentences unless authorized by Congress to do so." *Whalen v. United States*, 445 U.S. 684, 689, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980). Generally, as a " 'rule of statutory construction' " an intent to impose cumulative sentences is presumed when each offense requires proof of a fact the other does not. *Albernaz v. United States*, 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275 (1981) (citation omitted); *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).[1] Conversely, where two offenses are statutorily defined such that one offense might not require proof of any facts not necessary for conviction of the other, "they are construed not to authorize cumulative punishments in the absence of a clear indication of contrary legislative intent." *Whalen*, 445 U.S. at 692, 100 S.Ct. at 1438.[2]

■ Conviction for CCE requires proof of a predicate drug violation, 21 U.S.C. § 848(c)(1), and such offense must be part of a continuing series of drug violations, 21 U.S.C. § 848(c)(2).[3] Attempt to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841 is a predicate offense upon which a § 848 conviction can be based and when attempt is proven both as

a predicate offense for CCE and as a separate offense, its use as a separate offense requires proof of nothing which was not required to prove the CCE.[4] Here, the activity charged in the indictment in the attempt count was also charged as a predicate offense in the CCE count. Consequently, the *Blockburger* "rule of statutory construction" discussed above is not applicable and thus this Court cannot impose cumulative punishments for both convictions in the absence of clear legislative authorization. *Whalen*, 445 U.S. at 689, 100 S.Ct. at 1436.

■ This Court's analysis of whether Congress intended to allow cumulative punishments for attempt under § 846 and for CCE under § 848 is bounded by *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), and *Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). In *Jeffers*, the Court held that cumulative punishments for conviction of CCE and conspiracy under 21 U.S.C. § 846 are not permissible and not intended by Congress,[5] whereas in *Garrett*, the Court held that cumulative punishments for violations of CCE and substantive predicate offenses are permissible.

Section 846 provides:

---

1. *Blockburger* established a test to determine whether two statutory provisions proscribe the "same" offense: "... the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* 284 U.S. at 304, 52 S.Ct. at 182. This "test" has evolved into the rule of statutory construction set forth above. *Missouri v. Hunter*, 459 U.S. 359, 366–67, 103 S.Ct. 673, 678–79, 74 L.Ed.2d 535 (1983).

2. At the same time it is now clearly established that "simply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes." *Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983). If "a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*," cumulative punishment may be imposed. *Id.* at 368–69, 103 S.Ct. at 679–80.

3. The requirement that the predicate violation be part of a "continuing series of violations" has been interpreted to require three predicate violations. *United States v. Valenzuela*, 596 F.2d 1361 (9th Cir.), *cert. denied*, 444 U.S. 865, 100 S.Ct. 136, 62 L.Ed.2d 88 (1979).

4. "... § 846 is a lesser included offense of § 848, because § 848 requires proof of every fact necessary to show a violation under § 846 as well as proof of several additional elements." *United States v. Jeffers*, 432 U.S. 137, 150, 97 S.Ct. 2207, 2216, 53 L.Ed.2d 168 (1977) (plurality opinion). Dual convictions under §§ 848 and 846 are allowed, and the only issue before the Court is whether cumulative punishments may be imposed. *See United States v. Bond*, 847 F.2d 1233, 1239 (7th Cir.1988); *United States v. Burt*, 765 F.2d 1364, 1368 (9th Cir.1985).

5. A plurality of the Court reasoned that the issue was "whether cumulative punishments are permissible for violations of §§ 846 and 848." *Id.* at 155, 97 S.Ct. at 2218. The holding of the Court was in the negative, the plurality reasoning "... Congress did not intend to impose cumulative penalties under §§ 846 and 848...."

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 U.S.C.A. § 846 (Supp.1989).

*Jeffers* stands for the proposition that a conspiracy conviction under § 846 may not be punished cumulatively with a CCE conviction under § 848. *United States v. Grayson,* 795 F.2d 278 (3rd Cir.1986), *cert. denied,* 479 U.S. 1054, 107 S.Ct. 927, 93 L.Ed.2d 978 (1987). Here, the defendant's attempt conviction is based on § 846, and the question faced by the Court is whether the result reached in *Jeffers* applies when the § 846 violation is an attempt, rather than a conspiracy. *Garrett v. United States,* 471 U.S. 773, 795, 105 S.Ct. 2407, 2419, 85 L.Ed.2d 764 (1985), while holding that cumulative punishments for "the underlying substantive predicates and for the CCE offense" are allowed, explained and affirmed *Jeffers:*

> The focus of the analysis in *Jeffers* was the permissibility of cumulative punishments for conspiracy under § 846 and for CCE under § 848, and the plurality reasonably concluded that the dangers posed by a conspiracy and a CCE were similar and thus there would be little purpose in cumulating the penalties.

The same is not true of the substantive offenses created by the Act ... and CCE.

*Garrett,* 471 U.S. at 794, 105 S.Ct. at 2419, quoted in *Grayson,* 795 F.2d at 287.

Accordingly, the issue before this Court is whether cumulative punishments for violations of CCE under § 848 and attempt under § 846 are similarly prohibited. *Jeffers* was specifically addressed to § 846's prohibition against conspiracy, and thus the question with respect to § 846's prohibition of attempt is an open one which has not been decided previously in any published opinion of which this Court is aware.[6]

The Court is, however, bound to recognize that Congress did not intend cumulative punishments for CCE under § 848 and for conspiracy under § 846 since this was the underpinning of the rationale of *Jeffers.*[7] Similarly, this Court is bound by *Garrett* 's holding that Congress intended to allow cumulative punishments for convictions of CCE and predicate substantive offenses. Thus, the propriety of cumulative punishment for CCE and attempt hinges upon whether Congress intended that attempt be treated like its co-tenant of a § 846, conspiracy, or whether Congress intended that attempt be treated like a completed substantive offense.[8]

The result in *Garrett* was based, at least partially, on the rationale that because cu-

---

**6.** The primary rationale of *Jeffers* is that § 848 already carries severe penalties for concerted activity, and thus there is "little legislative need" for conspiracies to be punished cumulatively. *Jeffers,* 432 U.S. at 157, 97 S.Ct. at 2219. This rationale does not fit as nicely when attempt under § 846 is involved instead of a conspiracy. Section 846's prohibition of attempt is not as directly analogous to any aspect of the conduct prohibited by CCE as the "in concert" parallel between CCE and conspiracy. The only possible analogy between CCE and attempt is that CCE is designed to deter, prevent and penalize some inchoate aspects of criminal activity through its requirement that a defendant have engaged in a continuous criminal enterprise. Similarly, the prohibition against attempt deters the inchoate activity of planning and setting into motion criminal acts. This parallel is not so strong, however, as to foreclose further analysis. *See also Bifulco v. United States,* 447 U.S. 381, 399, 100 S.Ct. 2247, 2258, 65 L.Ed.2d 205 (1980) (conspiracy and attempt are both inchoate crimes).

**7.** *United States v. Schuster,* 769 F.2d 337, 341 (6th Cir.1985), *cert. denied,* 475 U.S. 1021, 106 S.Ct. 1210, 89 L.Ed.2d 322 (1986), noted that the ruling in *Jeffers* that a § 846 conspiracy is a lesser included offense of § 848 (*see* footnote 2, *supra*) was dicta. This does not change our analysis since the aspects of *Jeffers* relied on in this opinion have been affirmed in *Garrett* in the language quoted above. *See Grayson,* 795 F.2d at 287.

**8.** In discerning legislative intent, a reviewing Court should look first to the statutory language. *Fernandez v. Brock,* 840 F.2d 622 (9th Cir.1988). In § 846, attempt and conspiracy are treated coequally, and thus the Court can discern no legislative intent from the fact of the statute that attempt was to be treated differently than conspiracy under § 846. Similarly, the legislative history is devoid of any suggestion that attempt was to be treated differently or more harshly than conspiracy.

mulative punishments are generally allowed for a substantive offense and conspiracy, and that because CCE and conspiracy are closely interrelated, Congress therefore may be presumed to have intended that cumulative sentences also be allowed for CCE and predicate substantive offenses. *Garrett*, 471 U.S. at 794, 105 S.Ct. at 2419. Following this rationale, cumulative punishments should be allowed for CCE and attempt if cumulative punishments are also allowed for conspiracy and attempt under § 846.

In the Ninth Circuit, cumulative punishments for attempt and conspiracy under § 846 are not allowed when only one criminal undertaking is involved. *United States v. Touw*, 769 F.2d 571, 574 (9th Cir.1981).[9] *See also, United States v. Palafox*, 764 F.2d 558, 563 (9th Cir.1985) (*en banc*) (only one punishment allowed when distribution and possession with intent to distribute charges are both based on same criminal undertaking).

Thus, a major portion of the logical underpinning of *Garrett* does not apply to cumulative punishments for attempt and CCE because, unlike conspiracy and substantive predicate offenses, cumulative punishments are not allowed for conspiracy and attempt under § 846. That cumulative punishments are not allowed for conspiracy

and attempt under § 846, suggests that Congress could not have, *sub silentio*, intended cumulative punishments for attempt and CCE as it did for CCE and substantive predicate offenses.

This reading of Congressional intent is supported by *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), which held that special parole terms may not be imposed for § 846 conspiracy violations.[10] The Court reasoned that § 846 "prescribe[s] an identical range of punishment" for attempt and conspiracy, *id.* at 399, 100 S.Ct. at 2258, and recognizing that since "§ 846 penalizes attempts as well as conspiracies, it is not surprising that Congress would provide for less stringent sanctions to be imposed for violations of that provision than for a completed substantive offense." *Id.*[11]

Since CCE and conspiracy under § 846 may not be cumulatively punished, *Jeffers*, and because § 846 "prescribe[s] an identical range of punishment" for attempt and conspiracy, *Bifulco*, this Court holds that attempt under § 846, identically to conspiracy, may not be cumulatively punished with CCE. *Garrett* is not to the contrary because unlike substantive predicate offenses, attempt under § 846 cannot be cumulatively punished with conspiracy under § 846, *Touw*.[12]

---

**9.** Several other circuits have held that cumulative punishments are permissible for attempt and conspiracy for one criminal undertaking or transaction. *See United States v. Savaiano*, 843 F.2d 1280, 1292–93 (10th Cir.1988) (cumulative punishments allowed under § 846) (collecting cases); *see also United States v. Anderson*, 651 F.2d 375, 378 (5th Cir.1981) (cumulative punishment for attempt and conspiracy under 21 U.S.C. § 963 allowed even though only one criminal undertaking involved, citing *United States v. Meacham*, 626 F.2d 503, 508 (5th Cir. 1980)); *accord United States v. Alonso*, 673 F.2d 334, 337 (11th Cir.1982).

**10.** A corollary to *Bifulco* is that special parole terms may not be imposed for § 846 attempt convictions. *See United States v. Gallo–Roman*, 816 F.2d 76, 82 (2nd Cir.1987) (imposition of one special parole term improper where defendant was convicted of both attempt and conspiracy under § 846).

**11.** *United States v. Bogart*, 783 F.2d 1428, 1439 (9th Cir.), *vacated on other grounds*, 790 F.2d

802 (1986), held that attempt can be "diverted" pursuant to 21 U.S.C. § 844(b)(1) despite literal language of that statute, relying on *Bifulco* for the proposition that "attempt is a lesser crime than the substantive offense and will invariably attract a lesser sentence than would the substantive crime."

**12.** This ruling, like that in *Bifulco*, comports with the "rule of lenity."

"This policy of lenity means that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended."

*Bifulco*, 447 U.S. at 387, 100 S.Ct. at 2252 (citations omitted). *See also United States v. Sanchez–Vargas*, 878 F.2d 1163, 1168 (9th Cir.1989) (multiple punishments not allowed for 8 U.S.C. § 1324(a)(1)(A) (bringing an alien into the United States) and for 8 U.S.C. § 1324(a)(1)(B) (transporting an alien within the United States)): "ambiguities concerning the scope of permissible punishment ... must be resolved in favor of lenity." Citing *Whalen*, 445 U.S. at 694,

## II. WAS THE ATTEMPT TO MANUFACTURE A LESSER INCLUDED OFFENSE OF MANUFACTURE?

■ In general, absent a clearly expressed contrary legislative intent, an attempt merges with the completed crime and a defendant may not be convicted of both attempting to commit a crime and committing the crime. *See, e.g., United States v. Spears,* 449 F.2d 946, 954 (D.C. Cir.1971); *State v. Cloutier,* 286 Or. 579, 596 P.2d 1278, 1287 (1979) (Oregon statute prohibits conviction for both attempt and completed offense); *Commonwealth v. Miller,* 269 Pa.Super. 589, 410 A.2d 857 (1979) (criminal attempt conviction improper where completed offense conviction was also obtained). *Cf. United States v. Peacock,* 761 F.2d 1313 (9th Cir.), *cert. denied,* 474 U.S. 847, 106 S.Ct. 139, 88 L.Ed.2d 114 (1985) (multiple conspiracies may not be charged for both manufacturing a controlled substance and manufacturing a precursor to that substance). This rule is not applicable, of course, where the completed offense convicted of is factually distinct from the offense attempted. *See Brown v. Ohio,* 432 U.S. 161, 169 n. 8, 97 S.Ct. 2221, 2227 n. 8, 53 L.Ed.2d 187 (1977). *United States v. McQuisten,* 795 F.2d 858, 868 (9th Cir.1986). *See also United States v. Taylor,* 716 F.2d 701, 713 (9th Cir.1983) (Fletcher, J., concurring).

Here, the government's response to the defendant's argument that Count III is included within Count IV is that the attempted manufacture upon which he was convicted was a different act from the act of manufacture for which he was convicted, *i.e.,* the defendant was convicted of manufacturing methamphetamine batch "A" and was also convicted of attempting to manufacture batch "B." The government argues that because the manufacture of batch "A" is a different offense from the manufacture of batch "B," the defendant's convictions for both attempt and manufacture are proper.

The Court finds that the government's argument is supported by substantial evidence that the attempt conviction and the manufacture conviction were based on two distinct batches of methamphetamine, and accordingly the defendant's motion as to this issue must be denied.

Substantial evidence was produced by the government to show that the manufacturing count and the attempt count involved two factually distinct batches of methamphetamine. First, on January 8, 1986, the day the methamphetamine lab was seized, the seizing officers testified to finding numerous vials, vats and jars with chemicals in varying stages of process towards becoming completed methamphetamine. *See* Government's Points and Authorities To Court's Order of January 19, 1989 at 5–9 (citations omitted). From this and the other evidence introduced at trial, the jury could rationally find that an attempt to manufacture methamphetamine was committed on or about January 8, 1986. *Cf. Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (test for sufficiency of the evidence in habeas proceeding is whether rational jury could find all elements of crime proved beyond reasonable doubt).

Additionally, further evidence establishes that a completed batch of methamphetamine had been manufactured in the lab. Kimberly Housley testified that the defendant admitted to successfully manufacturing methamphetamine at the lab in a certain reaction vessel. Trial Transcript at 1108–1109. The manufacture referred to in defendant's admission to Mrs. Housley, however, may have occurred somewhat prior to January 8, 1986, because Mrs. Housley testified that the vessel was kept under a blue tarp and that the defendant was unable to use it to successfully manufacture methamphetamine after a first success. Trial Transcript at 1108–1109. Mrs. Kimberly also was asked: "Do you have a recollection of whether they cooked on the property in any location other than in that reaction vessel?" To which she responded:

100 S.Ct. at 1439, *Simpson v. United States,* 435 U.S. 6, 14–15, 98 S.Ct. 909, 913–914, 55 L.Ed.2d 70 (1979); *Prince v. United States,* 352 U.S. 322, 329, 77 S.Ct. 403, 407, 1 L.Ed.2d 370 (1957); *Bell v. United States,* 349 U.S. 81, 83–84, 75 S.Ct. 620, 622–623, 99 L.Ed. 905 (1955).

"Yes, at other times." The defendant and Mrs. Housley had not moved onto this property until October of 1985. Trial Transcript at 1093.

Furthermore, the police seized completed methamphetamine at the lab. Trial Transcript at 1675–1676. The police also found a large quantity of supplies needed in a methamphetamine operation, and also found a large number of empty containers. Trial Transcript at 528. These empty containers support an inference that the supplies in those containers had been used in this lab, and that therefore the lab had been previously used to manufacture methamphetamine.

The evidence does not show that the attempt and the manufacture both occurred on the same day. The indictment, however, states that the manufacture occurred "on or about January 8, 1986." It is not necessary, therefore, in order to deny defendant's Rule 35(a) motion to find that one batch was manufactured on January 8, 1986, and another batch was attempted that same day. It is enough if the evidence shows, as it does here, that the defendant attempted to manufacture methamphetamine on January 8, 1986, and that within a reasonable time prior to January 8, 1986, the defendant manufactured a different batch of methamphetamine. *See United States v. McCown*, 711 F.2d 1441 (9th Cir. 1983) (use of term "on or about" is not impermissibly vague, and "merely serves to prevent any dickering over the small technicality of an exact date").[13]

The Court is satisfied that the evidence before the jury allowed the jury to rationally find that the defendant was guilty beyond a reasonable doubt of manufacturing one batch of methamphetamine "on or about January 8, 1986," and that the defendant was also guilty of attempting to manufacture another batch of methamphetamine "on or about January 8, 1986."

IT IS, THEREFORE, HEREBY ORDERED that defendant's Fed.R.Crim.P.

35(a) motion for correction of sentence on the grounds that his attempt conviction under § 846 may not be cumulatively punished with CCE is GRANTED. The Judgment and Probation/Commitment Order of September 18, 1986 (document # 188c), pertaining to defendant, is amended as follows:

The sentence imposed as to Count III shall run concurrent with the sentence imposed in Count I.

IT IS FURTHER ORDERED that defendant's Fed.R.Crim.P. 35(a) motion to vacate his Count III conviction on the grounds that Count III is a lesser included offense of Count IV is DENIED.

---

**13.** The Court notes that defendant's argument that a manufacture was not proven to have occurred "on or about January 8, 1986," is not really an argument that Count III is a lesser included offense of Count IV, but rather this is an argument that there was insufficient evidence to convict him of the offense charged on Count IV. The Court's ruling on defendant's argument that Count III is a lesser included offense also, therefore, is a ruling on the defendant's argument that there was insufficient evidence to convict him of the offense charged in Count IV.