405 A.2d 535

**COMMONWEALTH of Pennsylvania**

v.

**Roman SENYSZYN, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Decided June 1, 1979.

John W. Packel, Assistant Public Defender, Chief, Appeals Div., Philadelphia, and with him, Elaine G. DeMasse, Assistant Public Defender, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Div., Philadelphia, for Commonwealth, appellee.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

LIPEZ, Judge:

■ Appellant was convicted, following a non-jury trial,[1] of two counts of aggravated assault, burglary, and possessing an instrument of crime generally.[2] He was sentenced on the burglary and aggravated assault convictions to three concurrent terms of two to ten years imprisonment. Sentence for possessing an instrument of crime was suspended. The "instrument of crime" in appellant's possession, with which he committed the aggravated assault of which he was convicted, was a baseball bat. He asserts, and the Commonwealth and the trial court concede, that a baseball bat, not especially adapted for criminal purposes, is not an "instrument of crime" within the meaning of the statutory definition. We agree. See Com. v. Rios, 246 Pa.Super. 479, 371 A.2d 937 (1977); 18 Pa.C.S. § 907. Appellant also requests a remand for resentencing on the convictions of burglary and aggravated assault in accordance, he claims, with Com. v. Lockhart, 223 Pa.Super. 60, 296 A.2d 883 (1972). Lockhart, however, relied on and quoted with approval from McGee v. United States, 462 F.2d 243 (2d Cir. 1972), where the Second

1. Appellant alleges, in a footnote, that the jury waiver colloquy was "insufficient as a matter of law." Appellant then admits, in the same footnote, that this issue was not raised in the court below. It is, therefore, waived. Com. v. Clair, 458 Pa. 418, 326 A.2d 272 (1974).

2. Informations No. 1970, Nos. 1971, 1973 and No. 1974, respectively.

482

Circuit remanded for "some explanation . . . for allowing the original sentences on the valid counts to stand unaltered" because a conviction whose invalidity became apparent on appeal may have influenced the sentence. *Id.* at 246–47. The Court of Appeals noted, however, that such a conviction, subsequently held invalid, would not always influence "sentencing on other counts prosecuted simultaneously." The court stated that it would be clear that there had been no such influence "where the one count is for a less serious offense than the others[.]" *Id.* at 246 n. 5.

■ Possessing instruments of crime generally is a misdemeanor of the first degree, 18 Pa.C.S. § 907(a), while burglary is a felony of the first degree, 18 Pa.C.S. § 3502(c), and aggravated assault, under the only subsection applicable to the case at bar, is a felony of the second degree. 18 Pa.C.S. § 2702(b). *See* 18 Pa.C.S. § 2702(a)(1). "In these circumstances, a remand would be a mere procedural exercise." *Com. v. Grant*, 235 Pa.Super. 357, 341 A.2d 511 (1975). *See also Com. v. Fant*, 263 Pa.Super. 533, 398 A.2d 704 (1979).

The conviction and judgment of sentence on information No. 1974 are vacated, and judgments of sentence on informations No. 1970, No. 1971 and No. 1973 are affirmed.