578

619 A.2d 1374

**COMMONWEALTH of Pennsylvania**

v.

**Ly NGOW, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 5, 1992.

Filed Feb. 16, 1993.

James S. Bruno, Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before DEL SOLE, BECK and BROSKY, JJ.

BECK, Judge:

■ The single question on appeal is whether a baseball bat, which has not been specially made or adapted for criminal use, can be an instrument of crime as defined in 18 Pa.C.S. § 907(c)(2). We agree with the trial court and hold that a baseball bat can be an instrument of crime as defined in the Pennsylvania Code. We affirm the judgment of sentence.

Appellant was arrested and charged with aggravated and simple assault, indecent assault, recklessly endangering another person, possessing an instrument of crime and criminal conspiracy. Appellant was found guilty on all counts. A motion for new trial or arrest of judgment was timely filed, argued and denied. Appellant was sentenced to one year probation for possessing an instrument of crime, and concurrent terms of 8 to 23 months in prison on all other charges; this appeal followed.

The trial court found the following facts: Appellant and four other youths were in a vehicle on 5th Street in the Olney section of Philadelphia. One of appellant's companions, a passenger, shouted a rude comment out the window to a man and a young woman. Appellant and his companions then left the vehicle and proceeded brutally to attack the man by punching, kicking and beating him with a baseball bat while the young woman looked on. Additionally, appellant approached the young woman, laughed and grabbed her left breast. Eventually, police arrived at the scene and all of the

580

attackers were apprehended, identified by the victims and arrested.[1]

Appellant contends that his conviction for possessing an instrument of crime cannot stand as it was based upon insufficient evidence. Essentially, appellant claims that the Commonwealth failed to prove that baseball bats are commonly used to commit crimes. Section 907 of the Pennsylvania Crimes Code provides, in pertinent part:

(a) Criminal instruments generally.—A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

.    .    .    .    .

(c) Definitions.—As used in this section the following words and phrases shall have the meanings given to them in this subsection:

"Instrument of crime."

(1) Anything specially made or specially adapted for criminal use; or

(2) Anything commonly used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have.

18 Pa.C.S. § 907.

Appellant frames the instrument of crime issue as one of sufficiency of the evidence and asserts that the Commonwealth has failed to satisfy its burden. We conclude that whether a baseball bat is an instrument that could be "commonly used for criminal purposes" is a question of law to be decided by the court. It is then up to the fact finder to determine, based upon evidence presented by the Commonwealth, whether the instrument was "possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have."

In *Com. v. Hudgens*, 400 Pa.Super. 79, 582 A.2d 1352 (1990), for example, despite the absence of Commonwealth evidence, the court took judicial notice of the fact that Samurai Swords

---

1. Aside from appellant, the other defendants were juveniles and were tried separately.

recently had been used for criminal purposes. It then disposed of appellant's sufficiency challenges by determining whether there was sufficient evidence that the swords were possessed under circumstances not manifestly appropriate for lawful uses and with the intent to employ them criminally. *See also Com. v. Dalahan,* 262 Pa.Super. 615, 396 A.2d 1340 (1979) (Court reviewed evidence of circumstances under which defendant possessed tire iron utilized to pry open a window, but did not require any evidence that tire iron is commonly used for criminal purposes.); *Com. v. Hall,* 304 Pa.Super. 489, 450 A.2d 1018 (1982) (Court found insufficient evidence of intent to employ a knife criminally, but stated as matter of law that a knife is commonly used for criminal purposes). Our view of this issue is also guided by cases in which the question of whether an object was "commonly used for criminal purposes" was not permitted to be decided by a jury, but rather was disposed of as a matter of law by the court. *See e.g. Com. v. Myers,* 376 Pa.Super. 41, 545 A.2d 309, 314–315 (1988) (Scissors not commonly used for criminal purposes as a matter of law).

By analogy, *Com. v. McKetta,* 469 Pa. 223, 364 A.2d 1350 (1976), supports our conclusion. The *McKetta* court held that the question of whether a particular substance is a "dangerous drug" pursuant to The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–101 *et seq.,* is a matter of law to be decided by the Court. The *McKetta* court stated that where the identity of the substance is not at issue, but there is a question of whether the substance falls into the Act's definition, the matter is resolved through statutory interpretation which is clearly the province of the court.

In the present case, the statute required proof of four elements: 1) possession of an instrument; 2) commonly used for criminal purposes; 3) under circumstances not manifestly appropriate for lawful use; 4) with the intent to employ it criminally. The second element, that the baseball bat was an instrument commonly used for criminal purposes, was determined by the court as a matter of law. Based upon empirical evidence and common knowledge the court decided that a

baseball bat is an instrument that is commonly used for criminal purposes. The court stated:

> Unfortunately, the times they are a-changing. It is miserably apparent that young criminals have kept abreast of the law. After the enactment of the Mandatory Sentencing laws in 1982, which required enhanced sentences for gun crimes, many of them took to roaming the streets packing a Louisville Slugger rather than a firearm. Much as burglary tools, innocent items in themselves, are carried by burglars with the intent to break into others' property, so too are baseball bats being brought by groups of young men to corners and neighborhoods where they expect to meet youngsters of other gangs or races. They seek confrontation. The results have been horrific.
>
> .    .    .    .    .
>
> Philadelphia has seen a dramatic upswing in the number of baseball bat-inflicted injuries, a phenomenon which has not gone unnoticed by the medical profession or the media.

Trial Court opinion at 5.

The trial court also based its conclusion upon a review of the case law in Pennsylvania which revealed 20 reported cases involving crimes with baseball bats in the last ten years, as opposed to only six such cases in the preceding forty-one years. As the Commonwealth recognized in its brief, these figures do not even take into account the numerous additional baseball bat cases which have gone unreported. The trial court observed that the use of baseball bats as instruments of crime is a recent phenomenon.

Appellant asserts that the result in this case is controlled by *Commonwealth v. Senyszyn,* 266 Pa.Super. 480, 405 A.2d 535 (1979). We disagree. The *Senyszyn* court in dicta addressed the question of whether a baseball bat could be an instrument of crime under § 907(c)(2), and refused to so find. Their conclusion is not controlling as it was dicta. Both the Commonwealth and the trial court had conceded that a baseball bat not specially adapted for criminal purposes was not an instrument of crime. Therefore, *Senyszyn* announced no binding precedent.

■  In the present case, the evidence presented was sufficient to support appellant's conviction for possessing an instrument of crime. The court held as a matter of law that a baseball bat was an instrument that could be "commonly used for criminal purposes." The record established facts which support all of the other elements of possession of an instrument of crime under § 907(c)(2). Appellant was apprehended in possession of a baseball bat. He was not on his way to or from a baseball game, nor was he carrying any other recreational implements such as a glove or a baseball. Appellant beat his victim with the baseball bat. The record also established that appellant had the requisite intent to employ the baseball bat for criminal purposes. It is well-established that intent can be inferred from conduct. *See Com. v. Thorton*, 494 Pa. 164, 430 A.2d 1168 (1981) (Jury could infer from defendant's actual criminal use of knife that he possessed it with the intent to employ it criminally). *See also Com. v. Hall, supra*, 450 A.2d at 1020.

Because we find that the evidence is sufficient to support a finding of guilt beyond a reasonable doubt on the charge of possession of an instrument of crime, we affirm the trial court.

Judgment of sentence affirmed.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting.

While I agree with the majority and the distinguished trial judge that the times are changing, I cannot agree that this panel is free to disregard *Commonwealth v. Senyszyn*, 266 Pa.Super. 480, 405 A.2d 535 (1979). The majority suggests that *Senyszyn* did not consider 18 Pa.C.S.A. § 907(c)(2), and that its language holding a baseball bat not to be an instrument of crime is dicta. I disagree with both suggestions.

The *Senyszyn* court opinion states that the appellant asserts that a baseball bat "is not an 'instrument of crime' within the meaning of the statutory definition. We agree." It then went on to set aside the conviction for possession of an instrument

584

of crime. I am hard pressed to conclude that this action is dicta.

Further, the courts holding that a baseball bat is not an instrument of crime was based on *Commonwealth v. Rios,* 246 Pa.Super. 479, 371 A.2d 937 (1977), a decision concluding that a hammer was not an instrument of crime after analyzing § 907(c)(2). Thus I cannot agree with the majority that there was no consideration of this statute in *Senyszyn.* I must remind the majority that as a panel court, we are not free to ignore prior panel decisions. Therefore, I dissent.