651 A.2d 163

COMMONWEALTH of Pennsylvania, Appellee,

v.

Patricia Lynn FOSTER, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 4, 1994.

Filed Dec. 15, 1994.

Joseph P. Burt, Erie, for appellant.

Matthew R. Hayes, Asst. Dist. Atty., Erie, for Com., appellee.

Before CAVANAUGH, POPOVICH and HESTER, JJ.

POPOVICH, Judge:

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Erie County, following appellant's conviction for possession of an instrument of crime.[1] Appellant now contends that the evidence was insufficient to sustain the conviction for possession of an instrument of crime because her acquittal on homicide charges negated the crimi-

---

1. 18 Pa.C.S.A. § 907.

nal intent necessary for possession of an instrument of crime.[2] After careful review, we agree and vacate the judgment of sentence.

The test for sufficiency of the evidence is "whether, viewing all the evidence admitted at trial, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth, the trier of fact could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Commonwealth v. Jones*, 431 Pa.Super. 475, 636 A.2d 1184 (1994), *quoting Commonwealth v. Jackson*, 506 Pa. 469, 485 A.2d 1102 (1984).

Examination of the record reveals the following facts: Appellant was charged with criminal homicide and possession of an instrument of crime on May 20, 1993, following the stabbing death of her boyfriend. Appellant claimed she acted in self-defense based on the battered woman's syndrome and requested a jury trial.

At trial, during voir dire, appellant objected to the Commonwealth's use of its peremptory challenges on juror number 31 and juror number 32. Appellant alleged that the Commonwealth was excluding jurors on the basis of gender. Appellant raised a *Batson*[3] objection, claiming that *Batson* prohibits gender-based peremptory challenges. Appellant also based her objection on a pending United States Supreme Court case in which the issue of gender-based peremptory strikes was to be addressed.[4] The trial court stated that it could not specu-

2. Because we reverse on this issue we need not address the other questions presented by appellant that: 1) the trial court erred in denying a request for a gender-neutral explanation of the Commonwealth's peremptory strikes; 2) the trial court erred in requiring appellant to pay the costs of her prosecution; 3) the conviction for possession an instrument of crime was against the weight of evidence.

3. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (the Equal Protection Clause of the Fourteenth Amendment prohibits a prosecutor from exercising peremptory challenges based solely upon race).

4. *See, J.E.B. v. Alabama*, —— U.S. ——, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994). The Supreme Court held that gender-based peremptory challenges violated the Due Process Clause of the Fourteenth Amendment.

late on the outcome of the case and denied appellant's motion for a gender-neutral explanation.

 The jury found appellant not guilty of criminal homicide but found her guilty of possession of an instrument of crime. During deliberations, the court, in response to a jury question, stated that the jury was free to bring back a verdict of guilty on the charge of possessing an instrument of crime regardless of their verdict on the murder charge. Appellant made no objection to the court's answer.[5]

The court sentenced appellant to one year of probation, fifty hours of community service and ordered her to pay the costs of prosecution. At the sentencing hearing, appellant's counsel inquired about apportionment of costs between the misdemeanor and the felony. The Commonwealth stated that a bill of costs would not be prepared until after sentencing. Appellant's counsel stated that he would file a motion for apportionment if he had any objections to the costs. Appellant's counsel never filed such a motion.

Appellant now contends that the court erred in holding that the evidence was sufficient for conviction of possession of an instrument of crime. We agree.

J.E.B. was not decided until April 19, 1994, after the disposition of appellant's case.

5. The trial court did not address this issue in its opinion. Instead, the trial court stated that appellant waived any objection to the conviction for possession of an instrument of crime because appellant did not object when the court instructed the jury that it could find appellant guilty of possession of an instrument of crime regardless of whether they convicted on the murder charge. (Tr.Ct.Opinion at 2–3). The failure to object to a jury instruction does not result in a party waiving a challenge based on sufficiency of the evidence. Jury instruction objections occur before the conclusion of the trial. A sufficiency of the evidence claim is made after the trial is concluded. An objection based on sufficiency of the evidence would only be waived if it were not raised in post-trial motions or in appellant's statement of matters complained of on appeal. See, Pa.R.A.P.1925; Pa.R.Crim.P. 1410; Pa.R.Crim.P. 1123; Commonwealth v. Phillips, 411 Pa.Super. 329, 601 A.2d 816 (1992) (only those issues raised in post-verdict motions and concise statement of matters complained of on appeal are preserved for appellate review). Appellant has complied with all applicable rules of appellate and criminal procedure. Thus, the insufficient evidence question was preserved.

■ A conviction for possession of an instrument of crime requires the Commonwealth to prove that a defendant possessed an instrument that is commonly used for criminal purposes, under circumstances not manifestly appropriate for lawful use, with the intent to employ it criminally. *Commonwealth v. Ngow*, 422 Pa.Super. 578, 580, 619 A.2d 1374, 1376 (1993); 18 Pa.C.S.A. § 907. "The Commonwealth must prove every element of the offense, including criminal intent, beyond a reasonable doubt.... Although criminal intent can be inferred beyond a reasonable doubt from the surrounding circumstances, it cannot be inferred from mere possession." *Commonwealth v. Moore*, 476 Pa. 19, 21, 381 A.2d 845 (1978).

■ Instantly, appellant admittedly possessed a knife which is an instrument commonly used for criminal purposes. However, appellant did not possess the knife with the intent to employ it criminally because she acted in self-defense.

Our supreme court held that evidence was insufficient to support a conviction for possession of instrument of crime in similar circumstances. *Commonwealth v. Samuel*, 527 Pa. 298, 590 A.2d 1245 (1991).[6] In *Samuel*, our supreme court reversed a conviction for possession of an instrument of crime where it was found that the defendant had acted in self-defense. *Id.* 590 A.2d at 1249. The defendant in *Samuel* shot and killed his sister's husband. Our supreme court reversed his conviction for voluntary manslaughter after a finding that defendant had acted in self-defense. *Id.* The supreme court stated that the evidence was insufficient to support the conviction for possession of an instrument of crime. *Id.* Since defendant "fired the weapon in self-defense, the facts cannot

**6.** *See also, Commonwealth v. Gonzalez*, 515 Pa. 98, 527 A.2d 106 (1987) (evidence was insufficient to support conviction for possession of an instrument of crime where defendant acted in self-defense. There was no intent to possess the weapon criminally); *Commonwealth v. Watson*, 494 Pa. 467, 431 A.2d 949 (1981) (battered woman's belief that she was in danger of death or great bodily harm was reasonable and the Commonwealth failed to negate this at trial. Thus, evidence was insufficient to support conviction for possession of a concealed weapon because defendant did not intend to employ the weapon criminally as she acted in self-defense).

support an inference that appellant possessed the gun with the intent to use it for a criminal purpose." *Id.*

Instantly, appellant relied on the justification of self-defense and was acquitted of the homicide charges as a result of this defense. Appellant having acted in self-defense did not commit a crime with the knife. A jury could not infer from the killing that appellant possessed the intent to employ the knife criminally.

The trial court erred in denying appellant's post-trial motion for relief. Viewing the evidence in the light most favorable to the Commonwealth, we find that the evidence was insufficient to support the conviction for possession of an instrument of crime.

Judgment of sentence is vacated.

CAVANAUGH, J. files a Concurring Statement.

CAVANAUGH, Judge, concurring:

I concur in the result reached by the majority and supported by established precedent. However, I think the better rationale in approaching a case such as this is contained in the dissent of the late Justice McDermott in the case of *Commonwealth v. Gonzalez*, 515 Pa. 98, 527 A.2d 106 (1987).

In *Gonzalez* the Supreme Court reversed a judgment of sentence and discharged a defendant after he had been acquitted of murder and manslaughter but found guilty of possessing an instrument of crime. The majority found insufficient evidence to support the conviction in that the element of criminal intent was not established. The court found that "since the appellant did not commit a crime with the shotgun (appellant had shot to death a gang member 'out of fear for his own and his family's safety') and no other evidence sufficient to support a finding of criminal intent" was presented, the conviction must be reversed. *Id.* at 103, 527 A.2d at 108.

Justice McDermott (joined by Justice Hutchinson) dissented stating that the crime of possessing an instrument of crime "by its nature does not require the successful completion of an

independent criminal act. Merely because the jury found that at the moment appellant fired the gun his actions did not warrant a homicide conviction does not mean that for the period of time up to the final moment appellant could not be guilty of this possessory offense." *Id.* at 104, 527 A.2d at 109.

In the case before us, appellant introduced a knife into an already volatile confrontation with her boyfriend, the decedent. The argument ended when he was stabbed to death. Appellant was tried, pled self-defense and was found not guilty of homicide. However, the jury did find that all of the elements of the crime of possessing an instrument of crime, including, apparently, the element of intent, had been proven beyond a reasonable doubt. Were there not precedent for the decision reached by the majority, I would affirm the judgment of sentence.