652 A.2d 305

COMMONWEALTH of Pennsylvania, Appellee

v.

Ly NGOW, Appellant.

Supreme Court of Pennsylvania.

Submitted Oct. 17, 1994.

Decided Jan. 11, 1995.

James S. Bruno, Philadelphia, for L. Ngow.

Catherine Marshall, Ronald Eisenberg, and Helen Kane, Philadelphia, for the Com.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

*OPINION OF THE COURT*

FLAHERTY, Justice.

The issue in this case is whether a baseball bat which has not been specially made or adapted for criminal use, can be an instrument of crime as defined by 18 Pa.C.S. § 907(c)(2).

Ngow was convicted of aggravated and simple assault, indecent assault, recklessly endangering another person, possessing an instrument of crime and criminal conspiracy. He was sentenced to concurrent terms of eight to twenty-three months on all charges except the instrument of crime charge, on which he was sentenced consecutively to one year probation, 16 Pa.D. & C.4th 598.

The convictions arose from an incident in which Ngow and four other youths exited a car and brutally attacked a man and a woman walking on the street. The male victim of the attack was punched, kicked and beaten with a baseball bat while the woman looked on.

Section 907 of the Crimes Code provides:

(a) Criminal instruments generally. A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally.

\* \* \* \* \* \*

(c) Definitions. As used in this section the following words and phrases shall have the meanings given to them in this subsection:

"Instrument of Crime."

(1) Anything specially made or specially adapted for criminal use; or

(2) Anything commonly used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have.

The trial court found that a baseball bat is an instrument of crime based on a newspaper article published in the Philadelphia Inquirer and based upon a review of Pennsylvania caselaw in which it found that in a forty-six year period from 1935 to 1981, six cases were reported of baseball bats being used in assaults, whereas in the next ten year period there were twenty reported cases.

Superior Court affirmed, holding that the evidence was sufficient to support the determination that a baseball bat is an instrument of crime, 422 Pa.Super. 578, 619 A.2d 1374. Judge Del Sole, dissenting, pointed out that the panel which was deciding this case was bound by prior cases, including *Commonwealth v. Senyszyn*, 266 Pa.Super. 480, 405 A.2d 535 (1979), in which the court stated that a baseball bat "is not an instrument of crime."

Since this case does not involve the question of whether the baseball bat was specially adapted for criminal use, section 907(c)(1), the applicable part of the statute is section 907(c)(2). In order to be convicted under this subsection, the Commonwealth must prove the following elements: (1) possession of an instrument; (2) commonly used for criminal purposes; (3) under circumstances not manifestly appropriate for lawful use; (4) with the intent to employ it criminally. There is no disagreement that three of the four elements have been established beyond a reasonable doubt; the only question in the case is whether there is evidence which establishes element (2), that a baseball bat is commonly used for criminal purposes.

It is axiomatic that each element of a crime must be established beyond a reasonable doubt in order for a person to be convicted of that crime. One of the elements of the crime of possessing instruments of crime is that the instrument in

question is "commonly used for criminal purposes." Contrary to the view of the Commonwealth and of the trial court, such proof may not consist of what one hears on the news, and it may not consist, without more, of raw numbers of cases during a given time period in which baseball bats were used in assaults. Rather, the court must have before it evidence concerning the proportionality of criminal use. Specifically, the question should take the form: with what frequency is a baseball bat utilized in assault in comparison to all assaults? Only when this information is available is a court in a position to say that the use is or is not "common."

If the court should determine that a significant proportion of assaults involves baseball bats, it may then conclude that baseball bats are commonly used in crime. Absent such evidence, however, the commonness of use is mere conjecture based on anecdotes and newspaper articles. But the commonness of use is an element of the crime and must be proved beyond a reasonable doubt. More than reasonable doubt is apparent when the proportion of use is not part of the record.

Order of Superior Court is reversed. Judgment of sentence for possession of an instrument of crime is vacated.

CASTILLE, J., files a concurring opinion.

PAPADAKOS, J., concurs in the result.

MONTEMURO, J., is sitting by designation.

CASTILLE, Justice, concurring.

I join in the majority opinion. The issue concerning just when an everyday object becomes an instrument of crime has been debated within the courts of this Commonwealth for years. The majority correctly concludes that there must be evidence produced of a sufficient level to prove beyond a reasonable doubt that a baseball bat is "commonly used" for criminal purposes and is possessed under "circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S. § 907(c)(2).

At some period of time in the future sufficient proof may exist to lead a court to conclude beyond a reasonable doubt

that a baseball bat is "commonly used" to commit crimes. However, until that time, baseball bats will continue to be used to commit assaults and cause injury and death with the wielder of the bat receiving no further punishment such as would be possible if the perpetrator used a knife or a firearm to cause equivalent injury or death.

This apparent inequity could be readily addressed simply by the General Assembly's rewriting of § 907(c)(2) to eliminate the word "commonly" as in "commonly used." If the General Assembly chose to pursue such a task, the statute in question would then effectuate the original intent of the statute defining criminal instruments: to establish a separate and distinct crime for any person who possesses and uses ordinary items for criminal purposes under circumstances not manifestly appropriate for lawful uses that the item may have. If so rewritten, then the prosaic baseball bat of youth would be elevated to an instrument of crime when it is used for hitting persons instead of baseballs. However, until such point in time that the statute is rewritten, or sufficient evidence is produced at trial to demonstrate beyond a reasonable doubt that baseball bats are "commonly used" for criminal purposes, a defendant will not be subject to separate punishment where he or she chooses a baseball bat as the weapon to inflict physical harm rather than a firearm or other deadly weapon.