J-A20027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH L. PLANK, JR. | |
| Appellant | No. 3198 EDA 2013 |

Appeal from the Judgment of Sentence July 30, 2013
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004604-2012

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:                **FILED AUGUST 25, 2014**

Appellant, Kenneth L. Plank, Jr., appeals[1] from the July 30, 2013 aggregate judgment of sentence of two to 23 months' imprisonment, followed by one year of probation, imposed after a jury found him guilty of simple assault, possessing an instrument of crime (PIC), and disorderly conduct.[2]  After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts of this case as follows.

_____

[1] We note that although Appellant purports to appeal from the May 15, 2013 verdict, a direct appeal in a criminal case is properly taken from a judgment of sentence. **Commonwealth v. Borovichka**, 18 A.3d 1242, 1246 n.1 (Pa. Super. 2011).  Additionally, the Superior Court Prothonotary mistakenly listed the incorrect trial court docket number on the Superior Court Appeal Docket Sheet.  The correct trial court docket number is CP-15-CR-0004604-2012.  Thus, we have amended the caption accordingly.

[2] 18 Pa.C.S.A. §§ 2701, 907, and 5503, respectively.

[On August 11, 2012, Appellant] drove his car rapidly around the right side of the victim's car and cut in front of the victim as the public road on which both were proceeding changed from two lanes to one lane of travel, causing the victim to slam on his brakes to avoid contact with [Appellant]'s vehicle. The victim became angry and anxious because he had his eight[-]week[-]old daughter in the car with him. When [the] victim pulled close to the rear of [Appellant]'s vehicle and honked his horn in complaint of [Appellant]'s carelessness, [the] victim observed [Appellant] in response "mouthing" some words in his interior rear view mirror, which prompted [the] victim to give [Appellant] "the bird". [Appellant] immediately twice brandished a handgun, first by holding it in his hand out the driver's side window, where he waived the weapon, a .40 caliber semiautomatic handgun back and forth and up and down for approximately 5 seconds, pointed generally in [the] victim's direction. [Appellant] then proceeded to brandish the weapon by displaying it in front of the passenger compartment's rear view mirror, then reaching up with his other hand to pull back on top of the gun, simulating a cocking motion, at which point the fearful victim called 911 on his cell phone. [The v]ictim testified that he was "anxious, nervous["] and "a little bit scared that the gun was potentially loaded". [The v]ictim testified that he could not be sure the weapon had been actually cocked by [Appellant], as there was testimony by the arresting officers that no round was found in the chamber when they recovered it. Two township police officers responded to the 911 call and stopped [Appellant]'s car, where they found the holstered weapon on the floor of the front-seat passenger compartment. One of these officers, Officer Hollis, removed the magazine from the weapon, and found no bullet in the chamber, suggesting the gun may not have been cocked. However, the victim was not sure [Appellant] had physically cocked the weapon, rather than merely simulating that action. [Appellant] admitted to these officers that he had the weapon on this lap during the road rage incident, but admitted

nothing else. A State Trooper, John Marsteller also responded to the scene of the carstop, and spoke with [Appellant], who told him that he had had the weapon in his waistband, and because it was causing him discomfort, he removed it from his waistband and threw it on the floor of the passenger seat. Trooper Marsteller had [Appellant] display to him his physical actions in so doing, and testified that the gun could have been seen by the victim, as it was raised above the front seat-back.

Trial Court Order, 10/25/13, at 3-4, n.1.

Appellant was subsequently arrested in connection with this incident, and charged with simple assault, PIC, disorderly conduct, and recklessly endangering another person (REAP)[3] on September 28, 2012. On May 14, 2013, Appellant proceeded to a jury trial. Following a two-day trial, Appellant was found guilty of simple assault, PIC, and disorderly conduct.[4] As noted, on July 30, 2013, the trial court sentenced Appellant to an aggregate term of two to 23 months' imprisonment, followed by one year of probation. On August 9, 2013, Appellant filed a timely post-sentence motion arguing, *inter alia*, that the verdict was against the weight of the evidence. Following a hearing, the trial court entered an order on October 25, 2013, denying Appellant's post-sentence motion. This timely appeal followed.[5]

On appeal, Appellant raises the following issues for our review.

_____

[3] 18 Pa.C.S.A. § 2705.

[4] The REAP charge was withdrawn by the Commonwealth prior to trial.

[5] Appellant and the trial court have complied with Pa.R.A.P. 1925.

- 3 -

[1.] Was the evidence insufficient to convict Appellant [] on charges of Simple Assault [] and [PIC], where a conviction of Simple Assault by Physical Menace requires the Commonwealth to prove that (1) [] Appellant intended to put the [victim] in fear of imminent serious bodily injury, (2) he took a substantial step toward that end, (3) that [] Appellant used physical menace to do this, and (4) that it was Appellant's conscious object or purpose to cause fear of bodily injury [], and where Appellant [] merely brandished a firearm and did not point it at anyone or otherwise take any substantial steps toward a goal of putting the alleged victim in fear of imminent bodily harm, and the firearm was not intended to be or actually employed criminally?

[2.] Were the convictions of Appellant [] on charges of Simple Assault and [PIC] against the weight of the evidence, where a conviction of Simple Assault by Physical Menace requires the Commonwealth to prove that (1) [] Appellant intended to put the [victim] in fear of imminent serious bodily injury, (2) he took a substantial step toward that end, (3) that [] Appellant used physical menace to do this, and (4) that it was Appellant's conscious object or purpose to cause fear of bodily injury [], and where Appellant [] merely brandished a firearm and did not point it at anyone or otherwise take any substantial steps toward a goal of putting the alleged victim in fear of imminent bodily harm, and the firearm was not intended to be or actually employed criminally?

Appellant's Brief at 3-4 (citations omitted).[6]

_____

[6] For the ease of our discussion, we have separated our analysis of Appellant's first issue into two distinct subsections.

We begin by addressing Appellant's claim that there was insufficient evidence to sustain his conviction for simple assault. *Id.* at 9. When reviewing a sufficiency of the evidence claim, our standard of review is well settled. We must "review the evidence admitted during the trial along with any reasonable inferences that may be drawn from that evidence in the light most favorable to the Commonwealth." *Commonwealth v. Crawford*, 24 A.3d 396, 404 (Pa. Super. 2011) (citation omitted). "Any doubts concerning an appellant's guilt [are] to be resolved by the trier of fact unless the evidence was so weak and inconclusive that no probability of fact could be drawn therefrom." *Commonwealth v. West*, 937 A.2d 516, 523 (Pa. Super. 2007), *appeal denied,* 947 A.2d 737 (Pa. 2008). Moreover, "[t]he Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Perez*, 931 A.2d 703, 707 (Pa. Super. 2007) (citations omitted). "[T]he trier of fact, in passing upon the credibility of the witnesses, is free to believe all, part, or none of the evidence." *Commonwealth v. Rivera*, 983 A.2d 1211, 1220 (Pa. 2009) (citation and internal quotation marks omitted), *cert. denied*, *Rivera v. Pennsylvania*, 560 U.S. 909 (2010).

The crime of simple assault is codified in the Pennsylvania Crimes Code and provides, in pertinent part, as follows. "A person is guilty of assault if he … attempts by physical menace to put another in fear of

imminent serious bodily injury[.]" 18 Pa.C.S.A. § 2701(a)(3). "Serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 2301.

For a conviction of simple assault by physical menace, "[t]he elements which must be proven are intentionally placing another in fear of imminent serious bodily injury through the use of menacing or frightening activity." *Commonwealth v. Reynolds*, 835 A.2d 720, 726 (Pa. Super. 2003), *citing Commonwealth v. Little*, 614 A.2d 1146, 1151 (Pa. Super. 1992), *appeal denied*, 618 A.2d 399 (Pa. 1992). "Intent can be proven by circumstantial evidence and may be inferred from the defendant's conduct under the attendant circumstances." *Id.*

Instantly, Appellant contends that the Commonwealth failed to establish that he possessed the "intent to put [the victim] in fear of imminent serious bodily injury, that he took a substantial step to do so, or that [the victim] was ever actually in fear." Appellant's Brief at 9. In support of this contention, Appellant maintains that he cannot be found to have possessed the requisite intent for simple assault by physical menace because the "testimony in this case established that [he] never pointed his handgun at [the victim]." *Id.* at 11. Relying on *Little*, Appellant avers that "it is clear that when considering the totality of the circumstances something more than merely brandishing a gun is required to occur to establish [his]

guilt of simple assault by physical menace." *Id.* at 10. For the following reasons, we disagree.

*Little* involved an appellant who was found guilty of simple assault by physical menace after she "erratically emerged from her home carrying a shotgun, shouting and advancing from her porch" towards police officers when they were attempting to serve her with foreclosure papers. *Id.* at 1148, n.2. The *Little* Court formally adopted the trial court's analysis regarding sufficiency of the evidence to prove simple assault by physical menace. *Id.* at 1151-1154 (Appendix). In reaching this decision, the *Little* Court concluded that, **"[a]lthough appellant never pointed the gun at the deputies**, we find that her overall demeanor and actions were designed to, and did in fact, put the deputies in fear of imminent serious bodily injury." *Id.* at 1148, n.2 (emphasis added). The *Little* Court further noted that the intent place to place another in fear of imminent serious bodily injury by physical menace can be proven by circumstantial evidence, and may be inferred from the defendant's conduct under the attendant circumstances. *Id.* at 1154. "[W]hether merely brandishing a weapon constitutes physical menace, we must look to the totality of the circumstances and evaluate the defendant's behavior[.]" *Id.* at 1152.

Instantly, our review of the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, reveals that there was sufficient evidence to establish that Appellant intentionally put the

- 7 -

victim in fear of imminent serious bodily injury on the day in question, and did so by the use of physical menace. Contrary to Appellant's assertion, there is no case law in this Commonwealth that mandates that an individual cannot be found guilty of the crime of simple assault by physical menace, absent having pointed a firearm directly at the victim. Appellant has acknowledged as much in his appellate brief, stating that, "pointing the weapon or physical threats are not necessary [to establish simple assault by physical menace]." Appellant's Brief at 12. Rather, like in *Little*, we must look at the totality of circumstances surrounding Appellant's brandishing of the firearm to determine whether "it was [Appellant's] conscious object or purpose to cause fear of serious bodily injury." *Little*, *supra* at 1151.

Upon review, we conclude that the jury could reasonably infer that Appellant's actions, when taken as a whole, "were designed to, and did in fact, put the [victim] in fear of imminent serious bodily injury." *Id.* at 1148, n.2. Specifically, the record establishes that Appellant twice brandished a firearm at the victim after he made an obscene gesture at Appellant for cutting his vehicle off, placing the victim in imminent fear. At trial, the victim testified that after he gave Appellant the middle finger, Appellant held a handgun out of his driver's side window for approximately three to five seconds and began waving it "up and down and back and forth" in the victim's "general direction." N.T., 5/14/13, at 28-29, 32. The victim further

testified that Appellant brandished the firearm a second time after he attempted to call 911.

> Q. After [Appellant] waved the gun out of the window for about five seconds, what happened next?
>
> A. At that point, while [Appellant] was waving it, I think I reached down into the center console to pick up my cell to call 911. At that point, I guess I looked up again and at that point I saw him hold the gun up in front of the rearview mirror and reach up with this other hand and cock back the gun.

*Id.* at 30. The victim later clarified that although he was not entirely certain whether Appellant had actually cocked the firearm when he held it up a second time, or that Appellant had merely simulated this action, the incident made him "anxious and a little bit scared that [the firearm] was potentially loaded." *Id.* at 33, 38.

Based on the foregoing, we conclude the jury could reasonably infer based on the totality of the circumstances that Appellant's actions were done with the requisite intent so to place the victim in fear of imminent serious bodily injury by physical menace. ***See, e.g.***, ***Little***, ***supra*** at 1153 (reiterating that, "[a] look at some of the physical menace cases reveals that a person may indeed commit simple assault by physical menace without verbally threatening the victim. Neither must the defendant actually point a weapon or hold the weapon in a striking position[]"). Accordingly,

Appellant's contention that there was insufficient evidence to sustain his conviction for simple assault by physical menace must fail.

Appellant next argues there was insufficient evidence to sustain his conviction for PIC, because "the Commonwealth failed to establish that Appellant [] possessed the firearm with the intent to employ it criminally." Appellant's Brief at 13 (emphasis omitted). Again, we disagree.

A person will be found guilty of PIC if they possess "a firearm or other weapon concealed upon his person with intent to employ it criminally." 18 Pa.C.S.A. § 907(b). An instrument of crime is defined as "[a]nything specially made or specially adapted for criminal use" or "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." *Id.* § 907(d).

> Our Supreme Court has held that an actor's criminal purpose … provides the touchstone of his liability for possessing an instrument of crime. Such purpose may be inferred from the circumstances surrounding the possession. Our courts have emphasized that mere possession of an instrument of crime, standing alone, cannot support an inference that the defendant intended to use the instrument of crime for a criminal purpose. *Commonwealth v. Hardick*, [380 A.2d 1235, 1237 (Pa. 1977)] (providing that "proof of intent requires more than possession"); *Commonwealth v. Foster*, [651 A.2d 163, 165 (Pa. Super 1994)] (stating "[a]lthough criminal intent can be inferred beyond a reasonable doubt from the surrounding circumstances, it cannot be inferred from mere possession").

*In re A.V.*, 48 A.3d 1251, 1253-1254 (Pa. Super. 2012) (some citation and internal quotation marks omitted; citation formatting corrected).

Instantly, our review of the record reveals that the Commonwealth presented sufficient evidence to establish that Appellant possessed the requisite *mens rea* for PIC. As discussed, the testimony at trial revealed that Appellant did not merely possess a concealed firearm in his vehicle on the day in question, but twice brandished said firearm at the victim after he made an obscene gesture towards Appellant, in an apparent attempt to place said victim in fear of imminent bodily injury. **See** N.T., 5/14/13, at 28-33. "It is undisputed that a gun can be an instrument of crime." **Commonwealth v. Stokes**, 38 A.3d 846, 854 (Pa. Super. 2011). Moreover, this Court has recognized that brandishing a weapon in the direction of a victim is sufficient to establish that the appellant possessed an instrument of crime for the purpose of employing it criminally. **See e.g.**, **Commonwealth v. Cain**, 906 A.2d 1242, 1245 (Pa. Super. 2006), *appeal denied*, 916 A.2d 1101 (Pa. 2007) (testimony that defendant was the "gun-toting assailant" was sufficient to support a PIC conviction). Based on the foregoing, we conclude that Appellant's contention there was insufficient evidence to sustain his conviction for PIC must also fail.

Lastly, Appellant argues, albeit in the alternative, that the verdict was against the weight of the evidence. Appellant's Brief at 18-20.[7] This Court has long recognized that "[a] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Lewis*, 911 A.2d 558, 566 (Pa. Super. 2006) (citation omitted). Where the trial court has ruled on a weight claim, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, "[our] review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." *Commonwealth v. Tharp*, 830 A.2d 519, 528 (Pa. 2003), *cert. denied*, *Tharp v. Pennsylvania*, 541 U.S. 1045 (2004).

In the instant matter, the record reveals that the Commonwealth presented the testimony of four witnesses at trial, including that of the victim. *See* N.T., 5/14/13, at 22-80. Appellant, in turn, testified on his own behalf, and denied threatening the victim with his firearm. *Id.* at 83, 94.

_____

[7] Pennsylvania Rule of Criminal Procedure 607 provides, in pertinent part, that a claim that the verdict was against the weight of the evidence "shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(A). "[T]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *In re J.B.*, 69 A.3d 268, 276 n.8 (Pa. Super. 2013) (citation omitted). In the instant matter, Appellant properly preserved his weight of the evidence claim by raising it in his August 9, 2013 post-sentence motion.

Appellant presented an alternative factual scenario to the jury as to the reasons the victim observed the firearm on the day in question, testifying as follows.

> A.     When I moved to the lefthand lane, I put my seat back.  As I did that, the seat buckle came in contact with my hip and I then picked up my handgun by the clip and put it in the center console, flipped the console up.  It was full all the way with paperwork.
>
> When I tried to close that, the gun fell to the passenger floor.  That is when I took a quick glance back and picked it up and put it back in the holster and put it on the passenger seat.

*Id.* at 88.

The jury, as fact-finder, found the testimony of the victim credible, and elected not to believe Appellant's version of the events.  It is well established that this Court is precluded from reweighing the evidence and substituting our credibility determination for that of the fact-finder.  *See Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. 2003) (citations omitted) (stating, "[t]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses[]"), *cert. denied*, *Champney v. Pennsylvania*, 542 U.S. 939 (2004).  Accordingly, we decline to disturb the jury's credibility determinations on appeal, and discern no error on the part of the trial court in dismissing Appellant's weight of the evidence claim.

- 13 -

For all the foregoing reasons, we conclude that Appellant is not entitled to relief in the instant appeal. Accordingly, we affirm Appellant's July 30, 2013 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2014